**John EDRINGTON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 84A04–0812–CR–739.**

Court of Appeals of Indiana.

July 23, 2009.

---

———

Kimberly A. Jackson, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Karl M. Scharnberg, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

John Edrington appeals the sentence imposed after his plea of guilty to two counts of child molesting as Class A felonies.[1] He argues the trial court considered invalid or unsupported aggravators when it enhanced his sentence five years beyond the presumptive[2] thirty years and his sentence is inappropriate based on his character and the nature of his offense. We affirm.

## FACTS AND PROCEDURAL HISTORY

In October 2007, Edrington was charged with two counts of Class A felony child molesting for acts committed against E.D.P. between January 2000 and August 2002, when she was between the ages of

eight and eleven. In January 2008, Edrington was charged under a separate cause number with one count of Class A felony child molesting for acts between January 2000 and August 2002 involving L.J.E., who was between the ages of seven and nine.

Edrington agreed to plead guilty to one count of molesting E.D.P. and one count of molesting L.J.E. In exchange, the State would dismiss the remaining Class A felony and agree that any sentences imposed would be served concurrently. The agreement left the parties otherwise free to argue at sentencing.

The trial court recognized as mitigating factors Edrington's minimal criminal history and his decision to plead guilty. The trial court enhanced Edrington's sentences beyond the thirty-year presumptive[3] to thirty-five years on each count, to be served concurrently, based on two aggravators: the victims' tender ages and Edrington's violation of a "position of care" (Tr. IV at 21). The trial court called the latter "the big aggravator and I think that outweighs the mitigators." (*Id.*)

## DISCUSSION AND DECISION[4]

### 1. *Abuse of Discretion*

Edrington contends the trial court considered invalid or improper aggravators

---

1. Ind.Code § 35–42–4–3(a)(1).

2. Edrington committed his crimes before our legislature amended the sentencing statutes to replace the "presumptive" sentencing scheme with the "advisory" sentencing scheme. *See Weaver v. State*, 845 N.E.2d 1066, 1070 (Ind. Ct.App.2006), *trans. denied* 855 N.E.2d 1011 (Ind.2006). This change took effect April 25, 2005. *Id.* Therefore, the presumptive sentencing scheme applies to Edrington. *See Gutermuth v. State*, 868 N.E.2d 427, 431 n. 4 (Ind.2007).

3. Ind.Code § 35–50–2–4 (2004) provided the presumptive sentence for a Class A felony was thirty years.

4. Edrington's counsel included a copy of the pre-sentence investigation report on white paper. We remind counsel that Ind. Appellate Rule 9(J) requires "[d]ocuments and information excluded from public access pursuant to Ind. Administrative Rule 9(G)(1) shall be filed in accordance with Trial Rule 5(G)." Ind. Administrative Rule 9(G)(1)(b)(viii) states that "[a]ll pre-sentence reports pursuant to Ind. Code § 35–38–1–13" are "excluded from public access" and "confidential." The inclusion of the pre-sentence investigation report printed on white paper in the appellant's appendix is inconsistent with Trial Rule 5(G).

when it sentenced him to concurrent thirty-five year sentences.

■ Under the presumptive sentencing scheme, if the trial court imposed a sentence in excess of the statutory presumptive sentence, it was obliged to identify and explain all significant aggravating and mitigating circumstances and explain its balancing of the circumstances. *Rose v. State,* 810 N.E.2d 361, 365 (Ind.Ct.App. 2004). Sentencing determinations are within the sound discretion of the trial court, and we will reverse only for an abuse of discretion. *Henderson v. State,* 848 N.E.2d 341, 344 (Ind.Ct.App.2006). Therefore, we will not modify a sentence unless it is clear the decision was "against the logic and effect of the facts and circumstances before the court." *Rose,* 810 N.E.2d at 365.

■ The trial court improperly considered the victims' age as an aggravator. When a victim's age is a material element of the crime, it may not also support an enhanced sentence. *Reynolds v. State,* 575 N.E.2d 28, 32 (Ind.Ct.App.1991), *trans. denied.* The age of the victim is an element of the offense of child molesting. Edrington was charged under Ind.Code § 35–42–4–3(a), which applies to victims under fourteen years old.

The State notes that in some instances the "tender age" of a victim in a child molesting case may be considered an aggravating factor as a particularized circumstance of the crime. *Kien v. State,* 782 N.E.2d 398, 414 (Ind.Ct.App.2003) (citing *Buchanan v. State,* 767 N.E.2d 967, 971 (Ind.2002)), *reh'g denied, trans. denied* 792 N.E.2d 47 (Ind.2003). There was no finding of any such "particularized circumstance" in the case before us; the trial court noted only that both victims were under twelve. We accordingly find the trial court could not consider this element of the crime as an independent "particularized circumstance of the crime" aggravator. *See Kien,* 782 N.E.2d at 414 (the age of a victim of child molesting was a proper aggravator when the trial court not only relied on the victim's age, but specifically noted the four or five-year-old child was "extremely vulnerable to sexual predation because of her 'tender years.' ").

■ Even if a trial court improperly applies an aggravator, a sentence enhancement may be upheld when there is another valid aggravating circumstance. *Hatchett v. State,* 740 N.E.2d 920, 929 (Ind.Ct.App. 2000), *trans. denied* 753 N.E.2d 8 (Ind. 2001). The second aggravating factor in this case, that Edrington was in a "position of care," (Tr. IV at 21), permits an enhanced sentence. *See Ridenour v. State,* 639 N.E.2d 288, 298 (Ind.Ct.App.1994) (a position of trust by itself is a valid aggravating factor on which the court could properly enhance defendant's sentence). The record supports the determination Edrington was in a position of trust or care.[5]

■ Before addressing this aggravator, we must address certain arguments the State offers with regard to the availability of evidence to support the aggravator. The State first appears to argue, without explanation or citation to authority, that Edrington is barred from challenging the aggravator on appeal because he did not object, after the court pronounced sentence, to that characterization of his relationship with the victims. We decline to consider that assertion. *See Overstreet v. State,* 877 N.E.2d 144, 178 (Ind.2007) (allegation of error waived on appeal when not

---

**5.** Both Edrington and the State analyze the court's "position of care" aggravator as synonymous with abuse of a "position of trust."

supported with authority and cogent argument), *reh'g denied, cert. denied* —— U.S. ——, 129 S.Ct. 458, 172 L.Ed.2d 331 (2008).

The only evidence of a "position of care" the State directs us to on appeal is from Edrington's presentence investigation report (PSI) and some attached documents. Edrington apparently never admitted to the accuracy of that information,[6] but the State asserts that information provides a basis for the "position of care" aggravator because Edrington did not affirmatively challenge it:

> The defendant has the onus of pointing out factual discrepancies among the allegations in the presentence report.... Because the defendant failed to challenge the assertion in the PSI that the victims were the Defendant's eight or nine-year-old stepdaughter and her seven-year-old friend, those facts were established for the court's consideration.

(Br. of Appellee at 7.)

The State is wrong. It cites for this premise *Carter v. State,* 711 N.E.2d 835, 840 (Ind.1999), but Carter is inapposite because there both Carter and his counsel indicated that they had reviewed the report and said they were aware of no errors in it. *Id.* It also directs us to *Gardner v. State,* 270 Ind. 627, 634, 388 N.E.2d 513, 517–18 (Ind.1979), where our Supreme Court said "the assertions in the [PSI] report will be accepted as true unless challenged by the defendant."

The *Gardner* holding cannot be reconciled with more recent statements by our Supreme Court and this court. In *Thomas v. State,* 840 N.E.2d 893, 903 (Ind.Ct. App.2006), *trans. denied* 855 N.E.2d 1004 (Ind.2006), an aggravating factor found by the trial court was that Thomas occupied a position of trust in the victim's life. We acknowledged that abusing a position of trust can be a valid aggravating circumstance, but noted the jury, in finding Thomas guilty of child molesting, was not required to find Thomas was in a position of trust. Thomas did not testify during his trial, and thus never admitted that he was in a position of trust with regard to the victim. Instead, the trial court relied on the presentence investigation report, which indicated Thomas was the victim's stepfather.

■ At the sentencing hearing, the trial court asked Thomas whether he wanted to make any changes or corrections to the presentence report.[7] Thomas offered several corrections but never challenged the fact that he was married to the victim's mother. We recognized authority stating a failure to object to or make any factual challenge to a PSI was tantamount to an admission to its accuracy, but noted:

> [O]ur supreme court has recently cautioned that "using a defendant's failure to object to a presentence report to establish an admission to the accuracy of the report implicates the defendant's Fifth Amendment right against self-incrimination." *Ryle v. State,* [842 N.E.2d 320, 323 n. 5] (Ind.2005). Bearing this in mind, we conclude that Thomas' fail-

---

**6.** In its written sentencing statement the court says Edrington "acknowledges that he has reviewed the report with his attorney, and it is accurate and correct." (App. at 8.) In his brief, Edrington asserts he "never was asked to confirm the accuracy of any portion" of the PSI. (Br. of the Appellant at 10.) The State does not directly respond to that statement, nor does it direct us to anything in the record reflecting Edrington acknowledged the accu-

racy of the report. Rather, it argues only that Edrington's failure to *challenge* the report established the facts in the report as true.

**7.** In the case before us, by contrast, the sentencing hearing transcript does not reflect Edrington was asked whether he wanted to make any changes or corrections to the presentence report.

ure to challenge the fact that he was married to D.N.'s mother does not constitute an admission that he was in a position of trust. Therefore, because the jury did not find and Thomas did not admit that he was in a position of trust, the trial court's reliance upon this fact to enhance Thomas' sentences violated Thomas' Sixth Amendment right to trial by jury.

840 N.E.2d at 903. Similarly, a violation of Edrington's Fifth and Sixth Amendment rights would have been implicated had the trial court relied, as the State suggests, solely on Edrington's failure to object to facts in or attached to his pre-sentence report as evidence of Edrington's position in relation to the victims.[8] We decline the State's invitation to disregard those rights by imposing on this defendant an obligation he no longer has, and we accordingly will not consider the information in the PSI.

The standard our Supreme Court articulated in *Ryle* and we applied in *Thomas* does not apply to all information in a PSI. In *Blakely v. Washington,* 542 U.S. 296, 302, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), *reh'g denied* 542 U.S. 961, 125 S.Ct. 21, 159 L.Ed.2d 851 (2004), the Supreme Court held "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." But in *Robertson v. State,* 871 N.E.2d 280, 287 (Ind.2007), our Supreme Court concluded Robertson's probation violation, although not found by a jury or admitted by him, could properly be relied on to enhance Robertson's sentence. It relied on its reasoning in *Ryle* to conclude that since the probation violation was re-

ported in a presentence investigation report compiled by a probation officer *relying upon judicial records,* the trial court properly used it as an aggravating factor under Blakely. *Id.* The allegation Edrington was a victim's stepfather was found in no such "judicial record" and Edrington's failure to challenge it was not an admission to it.

■ Despite the State's mischaracterization of Edrington's obligation to challenge his PSI, we may affirm the sentencing court because the court had adequate, if minimal, evidence before it to find a "position of trust," and Edrington consented to judicial factfinding. Under *Blakely,* a trial court in a sentencing system such as that in effect when Edrington committed his offenses could enhance a sentence based only on facts established 1) as a fact of prior conviction; 2) by a jury beyond a reasonable doubt; 3) admitted by a defendant; or 4) *in the course of a guilty plea* where the defendant has waived *Apprendi* rights and stipulated to certain facts *or consented to judicial factfinding. Trusley v. State,* 829 N.E.2d 923, 925 (Ind.2005). In Edrington's plea agreement he explicitly consented to judicial factfinding. (*See* App. at 134.)

■ "The position of trust aggravator is frequently cited by sentencing courts where an adult has committed an offense against a minor and there is at least an inference of the adult's authority over the minor." *Rodriguez v. State,* 868 N.E.2d 551, 555 (Ind.Ct.App.2007). At sentencing, the trial court said "the position of care that you were in, I mean you were as, you were as a father to these individuals, these two young girls. And I know no father that would do this to their, their own chil-

8. As we find the sentence enhancement may be supported by testimony at the sentencing hearing, we need not decide whether Edrington's consent to judicial factfinding might

have permitted the sentencing court to rely on the PSI and attached documents absent Edrington's admission the information in those documents was correct.

dren." (Tr. IV at 21). L.J.E.'s father testified Edrington lived in the same neighborhood and he had known Edrington since grade school. L.J.E.'s father knew E.D.P.'s mother from high school, and thought "it was like a perfect thing that she [L.J.E.] ran into [E.D.P.]." (Tr. IV at 7.) He and Edrington had friends in common and he trusted Edrington to watch his daughter. L.J.E.'s father testified he had a policy about letting his daughter stay all night with friends: "If we don't meet the parents ... they won't go in the house, they're not allowed to stay." (Tr. IV at 6.)[9] This was evidence Edrington was, at the time he committed his offenses, acting as E.D.P.'s parent and was watching L.J.E. From this, the trial court characterized Edrington "as a father to these individuals, these two young girls" (Tr. IV at 21).

While minimal, there was evidence to support the "position of care" aggravator. See Edgecomb v. State, 673 N.E.2d 1185, 1198 (Ind.1996) reh'g denied, where our Supreme Court reviewed decisions finding sufficient evidence of a "position of trust":

> For example, in Wesby v. State, 535 N.E.2d 133 (Ind.1989), the defendant was convicted of robbing and murdering a woman who had known the defendant since childhood, as she had formerly been the girlfriend of the defendant's father. In Martin v. State, 535 N.E.2d 493 (Ind.1989), [reh'g denied,] the defendant was a live-in boyfriend who beat his girlfriend's son to death while babysitting. In Marshall v. State, 643 N.E.2d

957 (Ind.Ct.App.1994), [trans. denied,] the defendant was a police officer who, while engaging in extended counseling of a fourteen-year-old girl with a drug and alcohol problem, sexually molested her during a counseling session.

Where, as here, the court considered one proper aggravator, we must determine whether the court would have imposed the same sentence if it had weighed the two mitigators against the one proper aggravator. See Robertson v. State, 871 N.E.2d at 287 (Where some aggravators are improper and others are not, we will remand for resentencing "unless we can say with confidence that the trial court would have imposed the same sentence if it considered only the proper aggravators."). We are confident the trial court would have done so in the case before us.

■ Edrington's criminal history is limited to one misdemeanor charge for check deception that was dismissed pursuant a pre-trial diversion program. However, Edrington admits using marijuana for a long period of time, being a heavy drinker, and needing help to get sober. Thus, despite his limited criminal history, he was not living a law-abiding life. See Bostick v. State, 804 N.E.2d 218, 225 (Ind.Ct.App. 2004) (although defendant lacked criminal history, evidence indicating she had a substance abuse problem showed she "was leading a less than law-abiding life").

■ Neither was the trial court obliged to find Edrington's guilty plea a significant mitigating circumstance. A guilty plea

---

9. In the transcript, this statement appears to be the continuation of the prosecutor's question "And did you have a policy as far as letting your daughter stay all night with friends or other people?" (Tr. IV at 6.) It is apparent from the context that this statement was in fact the witness' response to that question.

The trial court found Edrington in a "position of care" toward both victims. Other than the suggestion Edrington was perceived as one of E.D.P.'s "parents," the testimony at the sentencing hearing was about Edrington's relationship with L.J.E. The PSI says Edrington married E.D.P.'s mother in "June 1004," [sic] and the two divorced in April 2007. (App. at 160.) Edrington was charged with molesting E.D.P. between 2000 and 2002.

does not automatically amount to a significant mitigating factor. *Powell v. State,* 895 N.E.2d 1259, 1262 (Ind.Ct.App.2008). It does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea or where the evidence against him is such that the decision to plead guilty is merely a pragmatic one. *Id.* at 1262–63. Here, in exchange for Edrington's plea of guilty to two Class A felonies, the State dismissed a Class A felony count and agreed to recommend Edrington's sentences be served concurrently.

The trial court believed the "position of care" aggravator was the "big aggravator" that outweighed the mitigators. (Tr. IV at 21.) In light of the minimal weight the sentencing court assigned to the mitigators and the importance it assigned to the "position of care" aggravator, we can say with confidence the trial court would have imposed the same sentence even if it had not considered the improper aggravator of the victims' ages and we need not remand for re-sentencing.

### 2. *Inappropriateness*

 We may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find the sentence inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). When determining whether a sentence is inappropriate, we recognize the presumptive sentence as the starting point the legislature has selected as appropriate for the crime. *Weiss v. State,* 848 N.E.2d 1070, 1072 (Ind.2006). In reviewing a Rule 7(B) appropriateness challenge, we defer to the trial court. *Stewart v. State,* 866 N.E.2d 858, 866 (Ind.Ct.App.2007). The burden is on the defendant to persuade us his sentence is inappropriate. *Childress v. State,* 848 N.E.2d 1073, 1080 (Ind.2006). Edrington has not met that burden.

As to the nature of his offense, Edrington notes his victims were not physically injured. However, the court heard testimony from L.J.E.'s father that she had withdrawn and become more distant from him, and there was evidence Edrington violated a position of trust with at least one victim. The nature of his offense permits an enhanced sentence.

As for his character, Edrington admits substance abuse and has a minimal criminal record. We cannot say his sentence is inappropriate in light of his character. We affirm the trial court.

Affirmed.

BAKER, C.J., concurs in result.

BARNES, J., concurs.