## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 11 2016, 5:31 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Samuel J. Beasley
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ronald A. Williamson, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | August 11, 2016 <br><br> Court of Appeals Case No. 18A02-1509-CR-1588 <br><br> Appeal from the Delaware Circuit Court <br><br> The Honorable Linda Ralu Wolf, Judge <br><br> Trial Court Cause No. 18C03-1205-FA-10 |

**Robb, Judge.**

# Case Summary and Issues

[1] Pursuant to a written agreement, Ronald Williamson entered a plea of guilty to child molesting as a Class A felony and sexual misconduct with a minor as a Class B felony, and five additional charges were dismissed. The sentence was left to the trial court's discretion with the provision that the total sentence imposed would not exceed fifty years. The trial court sentenced Williamson to fifty years for child molesting and twenty years for sexual misconduct, with the sentences to be served concurrently. Williamson now appeals his sentence, raising two issues for our review: 1) whether the trial court abused its discretion in the weight it assigned to the mitigating circumstances, and 2) whether his sentence is inappropriate in light of the nature of his offenses and his character. Concluding the trial court's weighing of aggravating and mitigating circumstances is not reviewable on appeal and the sentence is not inappropriate, we affirm.

# Facts and Procedural History

[2] Williamson is C.L.'s step-father. Beginning in approximately 2002, when C.L. was four years old, until 2012, Williamson molested C.L. multiple times per week.[1] The State charged Williamson with three counts of child molesting for events occurring between January 1, 2002, and January 11, 2012; three counts

---

[1] The record does not include the transcript of the guilty plea hearing, so the facts related herein are taken from the probable cause affidavit and the pre-sentence investigation report.

of sexual misconduct with a minor for events occurring between January 12, 2012, and May 14, 2012; and one count of possession of child pornography. On July 20, 2015, one week prior to his scheduled jury trial, Williamson moved to withdraw his previous plea of not guilty and to enter a plea of guilty to one count of child molesting and one count of sexual misconduct with a minor. A factual basis was established and the trial court took the change of plea under advisement. At the conclusion of the sentencing hearing, the trial court accepted Williamson's guilty plea, granted the State's motion to dismiss the remaining counts, and sentenced Williamson to an aggregate sentence of fifty years:

> First, I turn to mitigating circumstances. [Williamson] is thirty-six (36) years old and this case is his first felony conviction. However, the Court attributes minimal weight to this factor since he repeatedly molested C.L. over a span of approximately ten (10) years. Number 2, [Williamson] has some family backing and support which should aid in his rehabilitation. Number 3, through the years, [Williamson] has attempted to meet his financial obligations by maintaining some gainful employment . . . prior to him . . . becoming eligible and receiving disability. Number 4, [Williamson] has plead guilty in this cause of action . . . however, the Court grants attributes minimal weight to it because . . . I noticed in the Pre-Sentence Investigation Report . . . [Williamson] tended to blame C.L. for the situation . . . . Number 5, the Court considers the detrimental effect long term incarceration may have upon him due to his mental, emotional and physical health. So, the Court, does note for the record that he has been examined and diagnosed with certain mental conditions but also with some medical physical medical issues, as well. . . .

So now I turn to aggravating circumstances. Number 1, [Williamson] took a substantial degree of care and planning when he committed these offenses. . . . Number 2, [Williamson] is in need of correctional or rehabilitative treatment that can best be provided by removing him from society and placing him in a penal facility offering the sex offender management monitoring program . . . . Number 3, as I have already noted in the first aggravating circumstance, the facts and circumstances of his actual crimes are heinous and disturbing. I mean, it was repeated. It was every week, twice a week, three (3) times a week, for over ten (10) years. . . . Number 4, [Williamson] was in a position of trust with C.L. He is C.L.'s step-father. . . . Number 5, [Williamson's] crimes are particularly devastating to C.L., who is his step-daughter. . . . Not only did this effect C.L. but [Williamson's] crimes effected [sic] his own children, her brothers. . . . [H]is crimes are devastating to the mother of C.L., his wife. . . . Another aggravating circumstance, these offenses are not impulse crimes or one (1) time acts. . . .

So in imposing sentence the Court does consider these facts and circumstances the most serious and heinous nature of his crimes and the character of the Defendant. The Court finds that the aggravating circumstances overwhelmingly outweigh the mitigating circumstances. Therefore, the Court sentences [Williamson] on Count 1, child molesting, a Class A felony, to the Indiana Department of Correction for fifty (50) years. As for Count 4, sexual misconduct with a minor, a Class B felony, the Court sentences [Williamson] to the Indiana Department of Correction for twenty (20) years to be served concurrently to the sentence I imposed in Count 1 of this cause of action.

Transcript 18-22. Williamson now appeals his sentence.

# Discussion and Decision

# I. Abuse of Sentencing Discretion

[3] Sentencing decisions are in the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218; *see also* Ind. Code § 35-38-1-7.1(d) ("A court may impose any sentence that is: (1) authorized by statute; and (2) permissible under the Constitution of the State of Indiana; regardless of the presence or absence of aggravating circumstances or mitigating circumstances."). However, if, in sentencing a person for a felony, the trial court finds aggravating or mitigating circumstances, the trial court must make a statement of its reasons for selecting the particular sentence. Ind. Code § 35-38-1-3; *see also* Ind. Code § 35-38-1-1.3 ("After a court has pronounced a sentence for a felony conviction, the court shall issue a statement of the court's reasons for selecting the sentence that it imposes unless the court imposes the advisory sentence for the felony."). Thus, a court may be found to have abused its sentencing discretion by: failing to enter a sentencing statement at all; entering a sentencing statement that explains reasons for imposing a sentence that are unsupported by the record; entering a sentencing statement that omits reasons clearly supported by the record and advanced for the court's consideration; or entering a sentencing statement giving reasons which are improper as a matter of law. *Anglemyer*, 868 N.E.2d at 490-91. The reasons or omission of reasons given for choosing a sentence are reviewable on appeal for an abuse of discretion. *Id.* at 491. The weight given to particular aggravating or mitigating circumstances is not subject to appellate review, however, and a trial

court cannot be said to have abused its discretion in failing to properly weigh those circumstances. *Id.*

[4] Williamson contends the trial court abused its discretion in sentencing him by "not affording sufficient weight to certain mitigating factors." Brief of Defendant-Appellant at 6. Specifically, Williamson takes issue with the trial court's assignment of minimal weight to the fact that this was Williamson's first felony conviction and the fact that he pleaded guilty, arguing they are both circumstances worthy of "great or substantial weight." *Id.* at 8. However, a trial court is not obligated to give the same weight to mitigating circumstances that a defendant would, *Healey v. State*, 969 N.E.2d 607, 616 (Ind. Ct. App. 2012), *trans. denied*, and the relative weight assigned by the trial court to mitigating circumstances is not subject to our review, *Anglemyer*, 868 N.E.2d at 491. The trial court did not abuse its discretion in sentencing Williamson.

## II. Inappropriate Sentence

[5] Williamson also asks that we exercise our authority under Rule 7(B) to revise his sentence, arguing that the nature of his offense and his character renders a maximum sentence, which should be reserved for the "worst of the worst," inappropriate. Br. of Defendant-Appellant at 10. Even when a trial court has not abused its sentencing discretion, we may independently review a sentence under Indiana Appellate Rule 7(B), which provides, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature

of the offense and the character of the offender." When examining the nature of the offense and the character of the offender, we may look to any factors appearing in the record. *Spitler v. State*, 908 N.E.2d 694, 696 (Ind. Ct. App. 2009), *trans. denied*. Whether we regard a sentence as inappropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Finally, we note the principal role of appellate review is to "leaven the outliers," not achieve the perceived "correct" result in each case. *Id.* at 1225. We therefore "focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* The defendant bears the burden of persuading this court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[6] The advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Id.* at 1081. Williamson pleaded guilty to child molesting, a Class A felony, and sexual misconduct with a minor, a Class B felony. A person who commits a Class A felony faces a sentence of twenty to fifty years, with the advisory sentence being thirty years. Ind. Code § 35-50-2-4(a). A Class B felony carries a possible sentence of six to twenty years, with an advisory sentence of ten years. Ind. Code § 35-50-2-5(a). The trial court ordered Williamson to serve fifty years for the Class A felony conviction and twenty years for the Class B felony conviction. He therefore

received the maximum sentence allowed by statute for each of his convictions. He was also ordered to serve the sentences concurrently, and no time was suspended.

[7] As to the nature of the offense, Williamson molested his step-daughter multiple times per week from the time she was four until she was fourteen. He touched and fondled her and made her do the same to him, engaged in sexual intercourse with her, and committed acts of deviate sexual conduct. He threatened her to keep her from telling anyone of his misdeeds. As a result of these repeated violations, C.L. began to self-harm, and she suffers from anxiety and depression. C.L., her mother, and her two half-brothers all participate in counseling due to these events. As the trial court noted, the nature of this crime is "most serious" and "very disturbing." Tr. at 21-22.

[8] As to Williamson's character, these are his first convictions (as well as his first charges), and he was gainfully employed until he became disabled. He suffers from various physical ailments. However, despite his limited criminal history, these convictions arise out of crimes which occurred repeatedly and continuously for ten years. Williamson has therefore not been living a law-abiding life for a substantial period of time. *See Edrington v. State*, 909 N.E.2d 1093, 1100 (Ind. Ct. App. 2009) (noting that despite a minimal criminal history, defendant's admission to using marijuana for a long period of time indicated he was not living a law-abiding life), *trans. denied*. Williamson was also acting in a parental role with respect to his victim and abused that position of trust and his proximity to engage in a long-term pattern of abuse. *See McCoy v. State*, 856

N.E.2d 1259, 1264 (Ind. Ct. App. 2006) (noting that as the victim's step-father, defendant was "in one of the highest positions of trust" and his enhanced sentence for a single act of molestation was not inappropriate).

[9]  After due consideration of the sentence imposed by the trial court, the nature of Williamson's offenses, and Williamson's character, we cannot say Williamson's fifty-year aggregate sentence is inappropriate.

# Conclusion

[10]  By arguing the trial court failed to give proper weight to certain mitigating circumstances, Williamson has failed to raise a claim we can review on appeal. Further, he has failed to persuade us his sentence is inappropriate. We therefore affirm the sentence imposed by the trial court.

[11]  Affirmed.

Najam, J., and Crone, J., concur.