## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 21 2017, 9:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sean C. Mullins
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

Kelcey Dirk Sample,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

September 21, 2017

Court of Appeals Case No.
45A04-1703-CR-706

Appeal from the Lake Superior Court

The Honorable Clarence D. Murray, Judge

Trial Court Cause No.
45G02-1502-F3-11

**May, Judge.**

[1] Kelcey Dirk Sample appeals his sentence of three years for Level 5 felony battery resulting in serious bodily injury.[1]  He argues the trial court abused its discretion when it sentenced him and that his sentence is inappropriate based on the nature of the offense and his character.  We affirm.

# Facts and Procedural History

[2] On December 18, 2014, Sample went to Tiana Cody's home.  Sample and Cody had been in a relationship and have a five-year-old daughter together.  While in Cody's home, Sample pushed Cody into a mirror.  The mirror broke and cut Cody's hand and wrist, requiring twenty stitches.  Cody also had bruising to her face, neck, and scalp.  On February 23, 2015, the State charged Sample with two counts of Level 3 felony criminal confinement,[2] and one count each of Level 5 felony criminal confinement,[3] Level 5 felony battery resulting in serious bodily injury, Level 6 felony criminal confinement,[4] Level 6 felony strangulation,[5] Level 6 felony domestic battery,[6] Level 6 felony battery with

---

[1] Ind. Code § 35-42-2-1(f) (2014).

[2] Ind. Code § 35-42-3-3(b)(2) (2014).

[3] Ind. Code § 35-42-3-3(b)(1) (2014).

[4] Ind. Code § 35-42-3-3(a) (2014).

[5] Ind. Code § 35-42-2-9(b) (2014).

[6] Ind. Code § 35-42-2-1.3(b) (2014).

moderate bodily injury,[7] and Class A misdemeanor battery resulting in bodily injury.[8]

[3] In August 2016, the State charged Sample with two counts of Level 5 felony criminal confinement and one count each of Level 6 felony criminal confinement, Level 6 felony battery resulting in moderate bodily injury, and Class A misdemeanor battery for an incident involving Lori Gonzalez. Sample and Gonzalez had been in a relationship, and it was alleged he attacked her, resulting in a black eye. Gonzalez indicated she also had to attend physical therapy because of her injuries.

[4] After multiple continuances and changes in counsel, Sample was scheduled to go to trial for the nine charges involving Cody on January 23, 2017. The same day, Sample and the State reached a plea agreement under which Sample would plead guilty to one count of Level 5 felony battery resulting in serious bodily injury and the State would dismiss the other eight charges in that case, as well as dismiss the five counts in the case involving Gonzalez. The plea agreement provided for a sentence of no more than three years, to be determined after the parties argued their respective positions before the trial court.

---

[7] Ind. Code § 35-42-2-1(d) (2014).

[8] Ind. Code § 35-42-2-1(c) (2014).

[5] On March 1, 2017, the trial court held a sentencing hearing. After receiving argument from counsel and testimony from Cody, Gonzalez, and Sample, the trial court sentenced Sample to three years incarcerated, noting: "I'm constrained by the terms of this plea agreement. It calls for a cap of three years. So the Court cannot impose a sentence beyond that. But had the parties put a higher number in that category, then I would have had leeway to impose a longer sentence." (Sent. Tr. at 32-3.)

# Discussion and Decision

## Abuse of Discretion

[6] Sentencing decisions rest within the sound discretion of the trial court and we review only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions drawn therefrom. *Id*. We review for an abuse of discretion the court's finding of aggravators and mitigators to justify a sentence, but we cannot review the relative weight assigned to those factors. *Id*. at 490-491. When reviewing the aggravating and mitigating circumstances identified by the trial court in its sentencing statement, we will remand only if "the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record, and advanced for consideration, or the reasons given are improper as a matter of law." *Id*.

[7] Sample's plea agreement capped his sentence at three years, which is the advisory sentence for a Level 5 felony. *See* Ind. Code § 35-50-2-6(b) (a person who commits a Level 5 felony "shall be imprisoned for a fixed term of between one (1) and six (6) years, with the advisory sentence being three (3) years"). Sample argues the trial court abused its discretion when it considered as an aggravator a felony conviction in Sample's presentence report which, upon Sample's completion of probation in that case, was reduced to a Class A misdemeanor conviction. Sample does not challenge any of the trial court's other aggravators.

[8] In sentencing Sample, the trial court found three aggravators:

> 1. The has [sic] defendant has [a] history of juvenile adjudications, misdemeanor and felony convictions. Defendant has violated probation in the past. Defendant has a history of arrests involving domestic battery.
>
> 2. The Court finds the nature and circumstances of the crime to be a significant aggravating factor in that the victim was attacked in her own home without provocation.
>
> 3. Defendant is unapologetic and claims he is being found guilty of "breaking women's hearts," and not battery.

(App. Vol. II at 54.) "A single aggravating circumstance may be sufficient to enhance a sentence." *Hackett v. State*, 716 N.E.2d 1273, 1278 (Ind. 1999). The State presented evidence Sample had an extensive criminal history including multiple misdemeanor convictions, had violated probation, and had a history of

arrests involving domestic violence dating back many years. In his plea agreement, Sample stipulated he entered Cody's house, he intentionally pushed her causing injury, and she did not consent to Sample's contact. Further, Sample stated during his sentencing hearing, "Legally, I've been charged with battery, but morally and realistically I've been found guilty for playing with women's hearts. . . . It's a matter of broken hearts as to why they want me convicted today." (Sent. Tr. at 24-5.)

[9] Even without the contested consideration of Sample's felony-turned-misdemeanor conviction, there existed a plethora of aggravators to justify Sample's three-year sentence. *See Edrington v. State*, 909 N.E.2d 1093, 1101 (Ind. Ct. App. 2009) (proper to affirm sentence even if improper aggravator is considered, if we have "confidence that the trial court would have imposed the same sentence" regardless), *trans. denied*.

## Inappropriate Sentence

[10] Sample argues his seven-year sentence is inappropriate under Indiana Appellate Rule 7(B). Under this rule, we may revise a sentence if, after due consideration of the trial court's decision, we find the sentence inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008). Our review is deferential to the trial court's decision, and our goal is to determine whether the defendant's sentence is inappropriate, not whether some other sentence would be more appropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012), *reh'g denied*. The appellant

bears the burden of demonstrating his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether a sentence is inappropriate depends on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

[11] When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer*, 868 N.E.2d at 494. A person who commits a Level 5 felony "shall be imprisoned for a fixed term of between one (1) and six (6) years, with the advisory sentence being three (3) years." Ind. Code § 35-50-2-6(b). Sample's plea agreement capped his sentence at three years. While Sample urges us to consider his sentence as the "maximum penalty" for his crime, (Br. of Appellant at 11), we note his sentence was the advisory for a Level 5 felony.

[12] Sample argues Cody's injuries, which included a cut requiring twenty stitches, was "an unexpected result" of pushing her into a mirror. (*Id*. at 12.) Further, Sample argues "while Sample took responsibility for his action and the resulting injuries in accepting the plea, it cannot be said that it was Sample's intent to bring about these serious, yet somewhat remote and unforeseeable, injuries." (*Id*.) Sample's characterization of the events leading to his conviction are laughable at best and highlight his continued failure to take responsibility for his actions. As the trial court noted, Sample's "attitude seems to be more that he is the victim, more so than these women. It's their fault for falling in love with

him.  That's what it sounds like.  That's arrogance on a scale that I just seldom hear." (Sent. Tr. at 33.)

[13]     Sample stipulated, as part of his plea agreement, that he "intentionally pushed Tiana Cody into a mirror causing the mirror to break and Tiana Cody to cut her hand." (App. Vol. II at 50.)  He also stipulated Cody "cut her hand and wrist and needed over 20 stitches and had bruising on her face, neck, and scalp." (*Id*.)  He did not claim his touching was accidental.  We conclude Sample's sentence is not inappropriate based on the nature of his offense.  *See Perry v. State*, 78 N.E.3d 1, 13 (Ind. 2017) (two and a half year sentence appropriate when offender admitted his participation in the battery, but continued to blame the victim).

[14]     When considering the character of the offender, one relevant fact is the defendant's criminal history.  *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007).  The significance of a criminal history in assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation to the current offense.  *Id*.  While a record of arrests may not be used as evidence of criminal history, it can be "relevant to the trial court's assessment of the defendant's character in terms of the risk that he will commit another crime."  *Cotto v. State*, 829 N.E.2d 520, 526 (Ind. 2005).

[15]     Sample has a lengthy criminal history with multiple juvenile adjudications, misdemeanor convictions, and felony arrests for battery, including one in 2008

involving Gonzalez. In addition, while Sample claims to have taken responsibility for his actions, he stated during his sentencing hearing:

> First and foremost, I do want to apologize to [sic] my contributions to the accident that brings us here today. I am pleading guilty today for what I know that I done [sic], and I am remorseful. . . . A lot of why I'm here has to do with playing with a woman's heart. Legally, I've been charged with battery, but morally and realistically, I've been found guilty for [sic] playing with woman's hearts.

(Sent. Tr. at 23-4.) This statement is an illustration of Sample's refusal to do exactly what he touts—express remorse and accept responsibility. Taking together Sample's criminal history and lack of remorse, we cannot say his sentence is inappropriate based on his character. *See Perry*, 78 N.E.3d at 13 (sentence appropriate when offender had an extensive criminal history and expressed veiled remorse for his crimes).

# Conclusion

As the trial court considered several proper aggravators when sentencing Sample, it did not abuse its discretion in sentencing him. Further, we conclude Sample's sentence is not inappropriate based on the nature of the offense or his character. Accordingly, we affirm his three-year sentence.

Affirmed.

Barnes, J., and Bradford, J., concur.