## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 07 2018, 8:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer L. Koethe
La Porte, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Joseph R. Keller,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

December 7, 2018

Court of Appeals Case No.
18A-CR-481

Appeal from the LaPorte Superior Court

The Honorable Michael S. Bergerson, Judge

Trial Court Cause No.
46D01-1407-F3-20

**May, Judge.**

Joseph R. Keller appeals following his conviction of Level 4 felony child molesting.[1]  He argues his ten-year sentence is inappropriate.  We affirm.

# Facts and Procedural History

On July 23, 2014, Keller, his girlfriend, his sister, and his twelve-year-old cousin S.K. were watching television at the home of Keller's parents, where Keller lived.  S.K. was a frequent guest at Keller's home, visiting approximately once a week.  At one point, Keller's sister and his girlfriend left the house, leaving Keller and S.K. alone.  While they were gone, Keller began to rub S.K.'s stomach.  Keller then moved his hand under S.K.'s clothes and began to rub her vagina.

S.K. immediately reported the incident to the police.  Keller was charged with Level 3 felony child molesting[2] and Level 4 felony child molesting.  Keller pleaded guilty to Level 4 felony child molesting.  The trial court imposed a sentence of ten years, with three years suspended to probation.  Keller is classified a Sexually Violent Offender under Indiana Code section 35-38-1-7.5 and is required to register with local law enforcement for life.

# Discussion and Decision

---

[1] Ind. Code § 35-42-4-3(b) (2014).

[2] Ind. Code § 35-42-4-3(a) (2014).

[2]     Keller argues his sentence is inappropriate in light of his character and the

nature of his offense.

>   We "may revise a sentence authorized by statute if, after due
>   consideration of the trial court's decision, the Court finds that the
>   sentence is inappropriate in light of the nature of the offense and
>   the character of the offender."  Ind. Appellate Rule 7(B).
>   "Although appellate review of sentences must give due
>   consideration to the trial court's sentence because of the special
>   expertise of the trial bench in making sentencing decisions,
>   Appellate Rule 7(B) is an authorization to revise sentences when
>   certain broad conditions are satisfied."  *Shouse v. State*, 849
>   N.E.2d 650, 660 (Ind. Ct. App. 2006), *trans. denied* (citations and
>   quotation marks omitted).  "[W]hether we regard a sentence as
>   appropriate at the end of the day turns on our sense of the
>   culpability of the defendant, the severity of the crime, the damage
>   done to others, and myriad other factors that come to light in a
>   given case."  *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).
>   In addition to the "due consideration" we are required to give to
>   the trial court's sentencing decision, "we understand and
>   recognize the unique perspective a trial court brings to its
>   sentencing decisions."  *Rutherford v. State*, 866 N.E.2d 867, 873
>   (Ind. Ct. App. 2007).

*Couch v. State*, 977 N.E.2d 1013, 1017 (Ind. Ct. App. 2012), *reh'g denied*, *trans.*

*denied*.  The appellant bears the burden of demonstrating his sentence is

inappropriate.  *Amalfitano v. State*, 956 N.E.2d 208, 212 (Ind. Ct. App. 2011),

*trans. denied*.

[3]     When considering the nature of the offense, the advisory sentence is the starting

point for determining the appropriateness of a sentence.  *Anglemyer v. State*, 868

N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).  The

sentence for a Level 4 felony is a fixed term between two and twelve years, with the advisory sentence being six years. Ind. Code § 35-50-2-5.5 (2014). The trial court sentenced Keller to ten years; thus, he received a sentence above the advisory but below the maximum.

[4]   Regarding the nature of the offense, the trial court notes Keller was in a position of trust with S.K. S.K. was twelve, was his cousin, often visited Keller's house, and attended family functions with him. Keller's violation of a position of trust makes his crime more egregious, justifying a sentence greater than the advisory. *See Edrington v. State*, 909 N.E.2d 1093, 1101 (Ind. Ct. App. 2009) (defendant violating position of trust with victim allowed for an enhanced sentence), *trans. denied.*

[5]   When considering the character of the offender, one relevant fact is the defendant's criminal history. *Johnson v. State*, 986 N.E.2d 852, 857 (Ind. Ct. App. 2013). Keller has a minimal criminal history and no history of violence. Keller also claims he has a history of mental illness and has shown remorse for his actions. However, Keller refused to take full responsibility for his actions and partially blamed his victim for the assault, which suggests his character needs rehabilitation. *See Boling v. State*, 982 N.E.2d 1055 1061-62 (Ind. Ct. App. 2013) (defendant placing blame on victim showed poor character and allowed for aggravated sentence).

Given the nature of the offense, *i.e.*, Keller abusing a position of trust, and the character of the offender, *i.e.*, Keller blaming his victim and refusing to take full responsibility, we cannot say Keller's ten-year sentence is inappropriate. *See id.*

# Conclusion

In light of Keller's character and the nature of his offense, his ten-year sentence is not inappropriate. Accordingly, we affirm.

Affirmed.

Baker, J., and Robb, J., concur.