## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 02 2020, 8:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Brian Woodward
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Carah J. Austin
Deputy Attorney General

Angela N. Sanchez
Assistant Section Chief

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brandon McFadden,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 2, 2020

Court of Appeals Case No.
20A-CR-1221

Appeal from the Lake Superior Court

The Honorable Clarence D. Murray, Judge

The Honorable Michael N. Pagano, Pro Tempore

**Altice, Judge.**

## Case Summary

[1] Following his guilty plea to Level 5 felony domestic battery by means of a deadly weapon, Brandon McFadden appeals his sentence of four and one-half years, with one year suspended, asserting that the trial court abused its discretion by considering improper aggravators.

[2] We affirm.

## Facts & Procedural History

[3] At 9:19 p.m. on August 19, 2019, police were dispatched to a residence in Gary on a report of shots fired. Upon entering the residence, officers made contact with a female victim, T.N., who had suffered gunshot abrasions to her arm and thigh. T.N. told officers that she and McFadden had been in a relationship but they ended it the week prior, he came to her home uninvited, they argued first at the front door, and then she stepped out and they had a physical altercation. She described to officers that she ran back into the house and, as she was

closing the door, McFadden began shooting through it. T.N. was grazed by two or more bullets.

[4]     On August 21, 2019, the State charged McFadden with seven counts: Level 1 felony attempted murder; Level 3 felony aggravated battery; Level 5 felony domestic battery by means of a deadly weapon; Level 5 felony domestic battery resulting in serious bodily injury; Level 6 felony domestic battery resulting in moderate bodily injury; Level 6 felony pointing a firearm; and Class A misdemeanor domestic battery.

[5]     At a March 19, 2020 guilty plea hearing, McFadden and the State filed a plea agreement in which McFadden agreed to plead guilty to Level 5 felony domestic battery by means of a deadly weapon (Count III), and the State agreed to dismiss all remaining charges. Sentencing was left to the court's discretion. The parties attached to the agreement a written Stipulated Factual Basis, which stated, in part: McFadden went to T.N's home uninvited, he and T.N. had been in a prior intimate partner/dating relationship; and he was angry and fired multiple shots from his handgun through the front door where he knew T.N. was standing, grazing her with bullets and causing pain and injury to her arm and leg. *Appellant's Appendix* at 37.

[6]     The court took McFadden's guilty plea under advisement, ordering the preparation of a presentence investigation report (PSI) and setting the matter for a sentencing hearing. On April 13, 2020, the State filed a PSI to which the probable cause affidavit was attached.

[7] At the June 4, 2020 sentencing hearing, the State, without objection, referred to both the contents of the PSI and the victim's impact statement[1] and asserted that it was "a matter of sheer luck" that T.N. suffered only graze wounds given that McFadden fired multiple shots at her as she closed the door. *Transcript* at 20. The State argued the existence of the following aggravators: (1) the harm was greater than necessary to prove the elements of the offense, as domestic battery with a deadly weapon does not require any injury; and (2) McFadden's history of delinquent behavior, as he had a prior juvenile allegation and had a pending Level 6 felony charge. The State noted that McFadden "was getting a significant benefit" through the plea agreement by avoiding a Level 1 felony conviction and asked for a sentence of five years in the Indiana Department of Correction (DOC) followed by one year of probation. *Id*. at 20-21.

[8] Defense counsel argued that McFadden had no convictions and "little criminal history," was nineteen years old at the time of sentencing, had family support, and had a job available to return to upon release. *Id*. at 21. Counsel noted that McFadden had been in jail for almost a year and suggested that he had learned his lesson and was grateful that T.N. "was not injured." *Id*. at 22. McFadden requested that the court impose the advisory three-year sentence with two years suspended.

---

[1] The victim's impact statement is not included in the record before us.

[9]     McFadden gave a statement apologizing to T.N. "for any mental and physical pain that she has endured" and to his family for his "careless decision." *Id*. at 23. He stated that he "didn't mean for the situation to occur like it did" and maintained that he refused to be a product of his environment and was not going to "fall victim to this side of the justice system." *Id*. at 23-24. McFadden planned to re-enroll in a GED program and return to work.

[10]    The court accepted McFadden's guilty plea and, before imposing a sentence, noted that it had considered the PSI and that it had received and read the victim's impact statement, which defense counsel acknowledged having received from the State. The court identified as aggravating that the damages suffered by the victim were significant and greater than the elements required to prove the case and that the nature and circumstances of the situation indicated some degree of premeditation. The court also identified as an aggravating circumstance trauma to the victim, which the court viewed as "relatively significant" with the victim indicating in her victim impact statement that she suffered from nightmares and seizures and the incident delayed her entry into college. *Id*. at 26. The court also identified mitigators, including that McFadden was eighteen years old at the time of the incident (as was the victim) and that McFadden admitted guilt and entered into a plea agreement. The court found that the aggravators outweighed the mitigators and sentenced McFadden to four and one-half years in the DOC with one year suspended to probation.

The court entered a written sentencing statement the same day, consistent with but more detailed than its oral statement. The court identified the following four aggravating factors:

> 1. The harm, injury, loss or damage suffered by the victim of the offense was significant and greater than the elements necessary to prove the commission of the offense.
>
> 2. The defendant has a criminal history that includes one juvenile case that was dismissed and a pending felony case under Cause 45008-1904-F6-000880.
>
> 3. The Court finds the nature and circumstances of the crime to be a significant aggravating factor in that the offense was premediated beyond the "heat of the moment," and the age of the victim.
>
> 4. The trauma to the victim that includes nightmares and seizures. The trauma sustained by the victim also delayed her attendance to college.

*Appellant's Appendix* at 71. After identifying several mitigators – that McFadden was likely to respond affirmatively to probation or short-term imprisonment, that he admitted his guilt and saved the expense of trial, and that he was only eighteen years old at the time of commission of the offense – the court found that the aggravators outweighed the mitigators and imposed the sentence. McFadden now appeals.

## Discussion & Decision

[12] It is well settled that "sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218. An abuse of discretion occurs if the trial court's decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* The trial court can abuse its discretion by: (1) failing to issue a sentencing statement, (2) finding aggravating or mitigating factors that are not supported by the record, (3) omitting factors that are clearly supported by the record and advanced for consideration, (4) or considering reasons that are improper as a matter of law. *See id.* at 490-91. The proper remedy is remand if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record. *Id.* at 491. Even if a trial court improperly applies an aggravator, a sentence enhancement may be upheld when there is another valid aggravating circumstance. *Edrington v. State*, 909 N.E.2d 1093, 1097 (Ind. Ct. App. 2009), *trans. denied*; *see also Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) ("A single aggravator factor is sufficient to support an enhanced sentence.").

[13] For his Level 5 felony conviction, McFadden faced a sentencing range of one to six years, with the advisory being three years. Ind. Code § 35-50-2-6. The plea agreement left sentencing open to the trial court's discretion. McFadden challenges the sentence of four and one-half years, with one suspended, arguing

that "the trial court abused its discretion by using improper aggravators to enhance McFadden's sentence[.]" *Appellant's Brief* at 4. We address the four challenged aggravators in turn.

[14] Initially, McFadden contends there was no evidence in the record to substantiate the finding that the harm or injury suffered by the victim was significant and greater than the elements necessary to prove the offense. We disagree. It is undisputed that T.N. suffered graze wounds to her leg and arm causing her physical pain. Physical injury is not required to prove the elements of domestic battery by means of a deadly weapon. Ind. Code § 35-42-2-1.3(a)(1). Thus, the record supports the court's finding that the harm or injury suffered was greater than the necessary elements of the offense. Accordingly, we find no error with the trial court's reliance on this aggravator.

[15] McFadden next alleges that the trial court abused its discretion when it aggravated the sentence based upon the impact to the victim, arguing that emotional and physical effects are inappropriate aggravators unless they are greater than those usually associated with the crime. He maintains that, here, "[t]here was no evidence presented that the victim suffered any substantial physical injury which would cause her seizures, or any other psychological trauma which exceeded that normally associated with crimes such as this." *Appellant's Brief* at 7. To the extent that McFadden suggests that a "substantial physical injury" was required to have caused her seizures, we reject that claim. *Id.* Whether caused by physical or by emotional injury, T.N. reported to the court that she was suffering seizures (and nightmares) after the incident where

McFadden shot at her multiple times. The trial court did not abuse its discretion when it considered the physical and emotional impact on T.N.

[16] McFadden also asserts that the trial court abused its discretion when it considered his criminal history to be an aggravator because it consisted of a dismissed juvenile case and a pending felony but no convictions, arguing, "McFadden had nothing more than a bare record of arrest." *Appellant's Brief* at 10. As this court has recognized,

> [a] record of arrest, without more, does not establish the historical fact that a defendant committed a criminal offense and may not be properly considered as evidence of criminal history. However, a record of brushes with the law . . . may reveal that a defendant has not been deterred even after having been subject to the police authority of the State. Such information may be relevant to the trial court's assessment of the defendant's character in terms of the risk that he will commit another crime.

*Hape v. State*, 903 N.E.2d 977, 1001 (Ind. Ct. App. 2009) (internal quotations and citation omitted), *trans. denied*.

[17] Here, McFadden was eighteen at the time of the instant offense and by then had already faced a 2017 juvenile allegation of unauthorized entry of a motor vehicle, which was ultimately dismissed. In April 2019, McFadden was charged with Class 6 felony auto theft (related to theft of a component part of the vehicle) and such charge was pending when McFadden committed the present offense in August 2019. The trial court did not abuse its discretion when it considered this information when sentencing McFadden. *See Hape*, 903

N.E.2d at 1001 (no abuse of discretion in considering defendant's pending charges as an aggravator).

[18] Lastly, McFadden argues that the trial court abused its discretion when it found that the nature and circumstances of the crime reflected that the offense was premeditated and beyond the "heat of the moment." [2] *Appellant's Appendix* at 71. In our view, the record reflects a degree of premeditation. McFadden came to T.N.'s home, uninvited. T.N. and McFadden were no longer dating, their relationship having ended a week prior. He brought with him a loaded weapon. They first argued at the front door and then on the porch, with McFadden firing his gun as T.N. was retreating into the home. Given these circumstances, we cannot say that the trial court's finding of premeditation was an abuse of discretion.

[19] McFadden has failed to demonstrate that the trial court abused its discretion in its consideration of aggravating circumstances.

---

[2] In challenging this aggravator, McFadden asserts that it was error for the trial court, when addressing the nature and circumstances, to rely, in part, on facts as provided in the probable cause affidavit. He argues that it was improper for the court to do so because McFadden "neither adopted those facts nor relied upon them", and, rather, relied solely on the Stipulated Factual Basis. *Reply Brief* at 6. We reject his claim, as Ind. Code § 35-38-1-8(a) provides that "a defendant convicted of a felony may not be sentenced before a written presentence report is prepared by a probation officer and considered by the sentencing court[,]" and, here, the probable cause affidavit was attached to the PSI, which the trial court expressly stated that it considered in its entirety. Moreover, even if we agreed with McFadden and found that the trial court improperly relied on facts in the probable cause affidavit when determining that the crime showed premeditation, we find no reversible error because the trial court properly relied on other valid aggravators, and we can say with confidence that the trial court would have imposed the same sentence in light of the remaining aggravators and the mitigators.

Judgment affirmed.

Riley, J. and May, J, concur.