**OPINION**



FILED

Oct 14 2016, 8:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew J. McGovern
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Adam K. Baumholser,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 14, 2016<br><br>Court of Appeals Case No.<br>82A04-1509-CR-1457<br><br>Appeal from the Vanderburgh<br>Circuit Court<br><br>The Honorable Kelli E. Fink,<br>Magistrate<br><br>Trial Court Cause No.<br>82C01-1305-FA-539 |

**May, Judge.**

[1] Adam K. Baumholser appeals his convictions of three counts of child molesting,[1] one as a Class A felony and two as Class C felonies. As the admission of certain character evidence and forensic interviewer testimony was not fundamental error, and as Baumholser's sentence was neither inappropriate nor an abuse of discretion, we affirm.

## Facts and Procedural History

[2] Baumholser and A.L. married in January 2006. A.L.'s daughter from a previous relationship, K.C., was four years old at the time of the marriage. In August 2007, Baumholser and A.L. had a son. Baumholser and A.L. divorced in 2009 when K.C. was eight years old.

[3] In February 2013, K.C. disclosed to her mother and grandmother that Baumholser molested her on five separate occasions in 2007 when she was six years old. Following her disclosure, K.C. took part in a forensic interview. The State charged Baumholser with four counts of child molestation, two as Class A felonies and two as Class C felonies, for crimes committed on separate occasions.

[4] At trial, K.C. testified she did not immediately report the molestations as she feared Baumholser, because "[h]e was a lot bigger than me and my mom and he drank a lot and he had weapons in the house." (Tr. at 63.) Baumholser did

---

[1] Ind. Code § 35-42-4-3 (2007).

not object to her testimony. The forensic interviewer, Molly Elfreich, testified "most of the time [disclosure of a crime by a child] is delayed in some way." (*Id*. at 121.) Baumholser also did not object to this testimony.

[5] The jury found Baumholser guilty of one Class A felony and two Class C felonies. The jury was unable to reach a verdict on one of the Class A felony charges, and the State dismissed it.

[6] At sentencing, the trial court noted as a mitigator that Baumholser had no prior felony convictions. The trial court found as aggravators that Baumholser had been in a position of trust and care and he "is being sentenced for three separate counts[.]" (*Id*. at 279.) The trial court sentenced him to thirty-two years executed on the Class A felony and four years each on the Class C felonies, all to be served concurrently.

# Discussion and Decision

## Admission of Evidence

[7] Baumholser argues the erroneous admission of character evidence and prior misconduct evidence, together with vouching testimony, denied him a fair trial. We typically review rulings on the admission of evidence for an abuse of discretion. *Pavlovich v. State,* 6 N.E.3d 969, 975 (Ind. Ct. App. 2014), *trans. denied.* An abuse of discretion occurred if the trial court misinterpreted the law or if its decision was clearly against the logic and effect of the facts and circumstances before it. *Id.*

Baumholser did not object at trial to the evidence about which he now complains on appeal. Failure to object at trial waives the issue on review unless fundamental error occurred. *Halliburton v. State*, 1 N.E.3d 670, 678 (Ind. 2013). Fundamental error is an extremely narrow exception that applies only when the error amounts to a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process. *Matthews v. State*, 849 N.E.2d 578, 587 (Ind. 2006). The claimed error must be so prejudicial to the rights of a defendant as to make a fair trial impossible. *Taylor v. State*, 717 N.E.2d 90, 93 (Ind. 1999).

### Ind. Evidence Rules 404(a) and 404(b)

Baumholser asserts fundamental error occurred when the State introduced evidence that Baumholser "drank a lot and [] had weapons in the house," (Tr. at 63), thus painting him as a "drunken, armed menace who intimidated K.C. into suppressing her secret." (Appellant's Br. at 24.) Baumholser claims this was inadmissible character evidence and prior bad acts evidence barred by Ind. Evidence Rules 404(a) and 404(b).[2]

Ind. Evidence Rule 404(a) prohibits using evidence of a defendant's "character or character trait . . . to prove that on a particular occasion the person acted in

---

[2] Baumholser also asserts the evidence of his drinking alcohol and owning guns should not have been admitted because it was not relevant. We agree those facts are not relevant to whether he molested K.C., but they were not admitted for that purpose. Rather, they were admitted to explain why K.C. delayed in disclosing the molestations, and for that purpose, the evidence was relevant. Ind. Evidence Rule 401 ("Evidence is relevant if . . . the fact is of consequence in determining the action.").

accordance with that character or trait." This rule is meant to deter a jury from pursuing a path of reasoning that leads to "the forbidden inference," which is that a defendant is guilty of the alleged crime because the defendant possesses a bad character trait. *Herrera v. State*, 710 N.E.2d 931, 935 (Ind. Ct. App. 1999). Ind. Evidence Rule 404(b) prohibits the use of a defendant's "crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the defendant acted in accordance with that character." Baumholser argues the State used the evidence regarding his status as an alcohol drinker and gun-owner to prove he had a dangerous character, and that molesting his step-daughter was consistent with that character.

[11] Baumholser equates his case to *Oldham v. State*, 779 N.E.2d 1162 (Ind. Ct. App. 2002), *trans. denied*. Oldham was convicted of murder and carrying a handgun without a license. At trial, the State introduced novelty photos of Oldham with text reading, "America's Most Wanted," "Wanted for: robbery, assault, arson, jaywalking," "Considered armed and dangerous," and "Approach with extreme caution." *Id.* at 1171. On appeal, Oldham asserted the admission of that evidence was fundamental error that prejudiced the jury against him.

[12] The State argued it had introduced the evidence to prove a shirt in the proximity of those pictures was Oldham's shirt, but we determined the State was using the photographs to suggest Oldham was dangerous. Because the manner in which the State introduced the evidence suggested Oldham had the characteristics of one who would have guns and kill another person, its introduction would require Oldham to refute not only the charged crimes but

also the character evidence. *Id.* at 1173. As such, the admission of the evidence was fundamental error. *Id*. at 1174.

[13] The evidence Baumholser drank alcohol and owned guns was not offered to prove he molested K.C. Rather, it was offered to show why K.C. waited four years to report the molestations. K.C. testified the reason she did not report the molestations was because she was afraid of Baumholser: "[h]e was a lot bigger than me and my mom and he drank a lot and he had weapons in the house." (Tr. at 63.) Evidence of Baumholser's drinking and ownership of guns was not used to suggest molesting K.C. was consistent with supposed bad character traits.

[14] Baumholser did not object to the characterization at trial. The State questioned Baumholser regarding his ownership of guns and Baumholser did not object. As the evidence was not admitted to prove the molestation but to explain why K.C. delayed disclosure, the admission was not fundamental error.

### *Ind. Evidence Rule 704(b)*

[15] Baumholser also asserts the testimony of Elfreich, the forensic interviewer, was vouching testimony prohibited by Ind. Evidence Rule 704(b). The State claims it was not, because she never directly referred to what K.C. told her during that interview. Rather, she testified as to the propensity of victims of child molestation to delay disclosure of the event. Baumholser did not object to this testimony at trial and must demonstrate fundamental error occurred. *See*

*Halliburton*, 1 N.E.3d at 678 (failure to object at trial waives the issue on review unless fundamental error occurred).

[16] Ind. Evidence Rule 704(b) provides: "Witnesses may not testify to opinions concerning . . . whether a witness has testified truthfully[.]" When asked whether all children she had interviewed would disclose immediately, Elfreich testified:

> [Elfreich]: No.
>
> [State]: Do you often interview children who have delayed disclosure?
>
> [Elfreich]: Yes, most of the time it is delayed in some way.

(Tr. at 121.)

[17] Elfreich's testimony did not relate to the truth or falsity of K.C.'s allegations. Rather, Elfreich was making a statement about how victims of child molestation behave in general. Thus, her testimony was not improper vouching. *See Otte v. State*, 967 N.E.2d 540, 548 (Ind. Ct. App. 2012) (testimony on the general behavior of domestic violence victims "does not cross the line into impermissible vouching"), *trans. denied*.

[18] Baumholser's reliance on *Steward v. State*, 652 N.E.2d 490 (Ind. 1995), *reh'g denied*, which disallows vouching testimony regarding Child Sexual Abuse Accommodation Syndrome ("CSAAS") evidence, is misplaced. *Steward* specifically disallows testimony regarding evidence of a particular syndrome,

CSAAS, which was not mentioned in the current case. In *State v. Velasquez*, 944 N.E.2d 34 (Ind. Ct. App. 2011), *trans. denied*, we distinguished the admissibility of evidence of CSAAS from the admissibility of "behavioral evidence without use of the term CSAAS," and held such evidence was admissible. *Id.* at 43, n.3. Thus, the testimony from Elfreich, which does not mention any syndrome, did not run afoul of Ind. Evidence Rule 704(b) as applied in *Steward*. We see no error, fundamental or otherwise, in the admission of Elfreich's statement. *See Otte*, 967 N.E.2d at 548.

# Sentence

[19] Finally, Baumholser challenges his sentence. First, he asserts the trial court relied on an improper aggravating circumstance by noting Baumholser was being convicted on three separate charges. Then, he claims the trial court imposed an inappropriate sentence.

## *Discretion*

[20] Sentencing decisions rest within the sound discretion of the trial court and we review only for an abuse of discretion. *Anglemyer v. State,* 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions drawn therefrom. *Id.* We review for an abuse of discretion the court's finding of aggravators and mitigators to justify a sentence, but we cannot review the relative weight assigned to those factors. *Id.* at 490-491.

When reviewing the aggravating and mitigating circumstances identified by the trial court in its sentencing statement, we will remand only if "the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record, and advanced for consideration, or the reasons given are improper as a matter of law." *Id.*

[21] "A fact which comprises a material element of a crime may not also constitute an aggravating circumstance to support an enhanced sentence[.]" *Manns v. State*, 637 N.E.2d 842, 844 (Ind. Ct. App. 1994). In *Kien v. State*, 782 N.E.2d 398 (Ind. Ct. App. 2003), *reh'g denied, trans. denied*, we had to determine whether the trial court improperly considered Kien's multiple acts of molestation to be an aggravating factor as he had been convicted of each offense alleged to have been committed. *Id.* at 411. The trial court also explained in great detail the impact the multiple incidents had on the victim and what they "revealed about Kien's character." *Id.* Because the trial court referred to the multiple convictions in the context of explaining the impact on the victim, we found no error in the trial court mentioning the multiple incidents as an aggravator. *Id.*

[22] Here, the trial court stated:

> As an aggravating circumstance I find that he was in a position of trust and care of the victim in this case and had an opportunity to watch our [sic] for her welfare but instead as he was in a position of trust and care these event occurred. Also I find he's being sentenced, another aggravator, the fact that he is being sentenced for three separate counts or three counts that the jury did find him guilty of, that also I find to be an aggravating circumstance.

(Tr. at 278-79.) While there was evidence of more incidents of molestation than those charged, the trial court did not elaborate on the impact of the crimes on K.C. or what the crimes revealed about Baumholser's character, such that we could follow *Kien* and affirm the court's finding of the aggravator.

[23] However, even if the trial court improperly considered Baumholser's multiple convictions as an aggravator, the trial court properly found Baumholser's position of trust with K.C. to be an aggravating factor. Abusing a position of trust is, by itself, a valid aggravator that may support a maximum sentence. *Hart v. State,* 829 N.E.2d 541, 544 (Ind. Ct. App. 2005). "A single aggravating circumstance may be sufficient to enhance a sentence. When a trial court improperly applies an aggravator but other valid aggravating circumstances exist, a sentence enhancement may still be upheld." *Hackett v. State*, 716 N.E.2d 1273, 1278 (Ind. 1999) (internal citations omitted). The question we must decide is whether we are confident the trial court would have imposed the same sentence even if it had not found the improper aggravator. *See Edrington v. State*, 909 N.E.2d 1093, 1101 (Ind. Ct. App. 2009) (proper to affirm sentence even if improper aggravator is considered, if we have "confidence the trial court would have imposed the same sentence" regardless), *trans. denied.*

[24] The sentencing range for a Class A felony is "between twenty (20) and fifty (50) years, with the advisory sentence being thirty (30) years." Ind. Code § 35-50-2-4 (2005). The sentencing range for a Class C felony is "between two (2) and eight (8) years, with the advisory sentence being four (4) years." Ind. Code § 35-50-2-6 (2005). The trial court imposed a sentence of thirty-two years for the

Class A felony conviction. The trial court imposed the advisory sentence for the Class C felonies and ordered them served concurrent with the sentence for the Class A felony.

[25] Baumholser's aggregate sentence is only two years more than the advisory sentence for his most serious offense. In addition to the fact he was convicted of multiple counts of child molestation, the trial court stated as an aggravator the position of trust and care Baumholser had with K.C. As such, we are confident the trial court would have imposed the same sentence even if it had not found the improper aggravator. *See Edrington*, 909 N.E.2d at 1101 (even if an improper aggravator is used, remand for sentencing is not required when the importance of the position of trust aggravator is stated).

### *Appropriateness*

[26] We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State,* 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)). We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Roney v. State,* 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), *trans. denied.* The appellant bears the burden of demonstrating his sentence is inappropriate. *Childress v. State,* 848 N.E.2d 1073, 1080 (Ind. 2006).

[27] When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer,* 868 N.E.2d at 494. The sentencing range for a Class A felony is "between twenty (20) and

fifty (50) years, with the advisory sentence being thirty (30) years." Ind. Code § 35-50-2-4 (2005). The sentencing range for a Class C felony is "between two (2) and eight (8) years, with the advisory sentence being four (4) years." Ind. Code § 35-50-2-6 (2005). Baumholser received a thirty-two year sentence for the Class A felony and concurrent four-year sentences for the two Class C felonies.

[28] Regarding the nature of his offense, Baumholser molested his six-year-old step-daughter on multiple occasions. By doing so, he violated the position of trust he had with her. We see nothing inappropriate about his sentence being slightly higher than the advisory sentence for the most severe of those crimes.

[29] As to Baumholser's character, we note his criminal history was minimal, including only two misdemeanor convictions. We also note the voluminous evidence of family and friends who support and spoke favorably of Baumholser. We find nothing in Baumholser's character, beyond the current convictions, to be deplorable. However, to obtain relief, Baumholser must demonstrate the sentence is inappropriate in light of *both* the nature of the offense and his character. *See* Ind. App. R. 7(B). He has not.

[30] In light of the position of trust Baumholser had with respect to K.C., we conclude the thirty-two year sentence is not inappropriate.

# Conclusion

[31] As the admission of the evidence about which Baumholser complains was not fundamental error and as his sentence does not warrant reversal, we affirm.

[32] Affirmed.

Baker, J., and Brown, J., concur.