## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 27 2017, 11:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stanley L. Campbell
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Scott K. Jordan,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 27, 2017

Court of Appeals Case No.
02A03-1612-CR-2750

Appeal from the Allen Superior Court

The Honorable Frances C. Gull, Judge

Trial Court Cause No.
02D04-1604-F3-30

**Najam, Judge.**

## Statement of the Case

Scott K. Jordan appeals his sentence following his conviction for robbery, as a Level 3 felony. On appeal he raises one issue, namely, whether his sentence is inappropriate in light of the nature of the offense and his character. We affirm.

## Facts and Procedural History

On April 18, 2016, Jordan went to a Walgreens pharmacy in Fort Wayne and, while armed with a firearm, gave to one of the pharmacists a written note that stated: "Bottle of methadone now or I will shoot I have nothing to lose 30 sec!" Appellant's App. Vol. II at 9, 25. Jordan had placed his hand under his coat to indicate that he had a gun, which caused the pharmacist to believe that he did have a gun. The pharmacist gave Jordan one bottle with 100 10mg pills of methadone, and Jordan swallowed some of the pills as he exited the Walgreens. The police subsequently located Jordan seated in a grassy area on the west side of the Walgreens. Jordan admitted to the officers that he was the one who had robbed the store, and the officers found the stolen bottle of methadone pills in Jordan's jacket pocket.

On April 22, the State charged Jordan with robbery, as a Level 3 felony. On October 14, Jordan pleaded guilty as charged without a plea agreement. Following a sentencing hearing on November 8, the court imposed a sixteen-year sentence. This appeal ensued.

# Discussion and Decision

[4] Jordan contends that his sentence is inappropriate in light of the nature of the offense and his character. Article 7, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court." *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original). This appellate authority is implemented through Indiana Appellate Rule 7(B). *Id.* Revision of a sentence under Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offenses and his character. *See* Ind. Appellate Rule 7(B); *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review," *Roush*, 875 N.E.2d at 812 (alteration original). He must demonstrate that his sentence is inappropriate in light of *both* the nature of the offense *and* his character. *Baumholser v. State*, 62 N.E.3d 411, 418 (Ind. Ct. App. 2016), *trans. denied*.

[5] Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222, 1224 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate at the

end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224. The question is not whether another sentence is more appropriate, but rather whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[6] Jordan contends that the nature of the offense does not support an enhanced sentence. Although there was a lack of violence or brutality in his armed robbery, Jordan must also show that his sentence is inappropriate in light of his character. *Baumholser*, 62 N.E.3d at 418. He has failed to do so. While Jordan points to his guilty plea and acceptance of responsibility as mitigating factors, the trial court also noted that Jordan showed no remorse for the robbery. When the presentence investigator asked him about his feelings regarding the robbery, he responded, "Indifferent. I wasn't trying to hurt nobody." Appellant's App. Vol. II at 19.

[7] Moreover, "[w]hen considering the character of the offender, one relevant fact is the defendant's criminal history," and "[t]he significance of criminal history varies based on the gravity, nature, and number of prior offenses in relation to the current offense." *Garcia v. State*, 47 N.E.3d 1249, 1251 (Ind. Ct. App. 2015),

*trans. denied*. Here, Jordan's criminal history is extensive. Over his adult life, he has accumulated nine misdemeanor convictions and sixteen felony convictions across eight counties in three different states. In fact, Jordan was on parole for a prior robbery when he committed the robbery at issue in this case. He has been given the opportunity for probation four times, but each time his probation was revoked. Further, Jordan committed a murder to which he pleaded guilty and for which he was sentenced simultaneously with this case. And he has a history of substance abuse but has failed to seek substance abuse treatment despite having been given the opportunity to do so. As the State points out, Jordan "has essentially been committing crimes non-stop since he turned [nineteen] years old." Appellee's Br. at 8. Thus, we cannot say that his sentence is inappropriate in light of his character.

[8]    Affirmed.

Riley, J., and Bradford, J., concur.