## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 02 2017, 6:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Earl McCoy
McCoy Law Office
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Amy Morinskey,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

October 2, 2017

Court of Appeals Case No.
79A04-1705-CR-1150

Appeal from the Tippecanoe
Circuit Court

The Honorable Thomas H. Busch,
Judge

Trial Court Cause No.
79C01-1510-F5-24

**Najam, Judge.**

## Statement of the Case

Amy Morinskey appeals her convictions for possession of methamphetamine, as a Level 5 felony, and false informing, as a Class A misdemeanor, following her guilty pleas. Morinskey presents two issues for our review:

    1. Whether the trial court abused its discretion when it sentenced her.

    2. Whether her sentence is inappropriate in light of the nature of the offenses and her character.

We affirm.

## Facts and Procedural History

This court previously stated the relevant facts and procedural history as follows:[1]

> In January 2012, the State charged Morinskey, under Cause 79C01-1201-FA-2 ("Cause FA-2"), with Count I, Class A felony dealing in methamphetamine; Count II, Class C felony possession of methamphetamine; and Count III, Class A misdemeanor, possession of paraphernalia. In May 2012, Morinskey pled guilty to an amended Count I, Class B felony dealing in methamphetamine in exchange for the dismissal of the remaining counts. Thereafter, in June 2012, the trial court sentenced Morinskey to twelve (12) years, with eight (8) years executed in the Department of Correction and four (4) years suspended to probation. One year of Morinskey's probation was

---

[1] Morinskey had previously filed a notice of appeal in a related cause, but we dismissed that appeal as untimely. We subsequently granted Morinskey leave to file a belated notice of appeal in this cause.

to be served on community corrections. The trial court also recommended that Morinskey be placed in the Purposeful Incarceration Program.

* * *

On September 8, 2015, the State filed a Motion to Commit, in which it sought to revoke Morinskey's community corrections placement. In the motion, the State alleged that Morinskey had failed to follow the trial court's order to report to the Tippecanoe County Community Corrections to serve her executed sentence and had failed to pay the balance owed to them. The State also noted that Morinskey was not incarcerated in the Department of Correction or in the county jail. The trial court then issued a warrant for Morinskey's arrest.

On October 18, 2015, officers from the Lafayette Police Department initiated a traffic stop of a vehicle in which Morinskey was a passenger. When questioned by the officers, Morinskey identified herself with a false name, attempting to avoid the arrest warrant issued for her. During a search of the vehicle, the officers found methamphetamine and drug paraphernalia. The officers ultimately figured out Morinskey's true identity and arrested her. When the police booked Morinskey into the jail, they discovered a bag of methamphetamine on her person.

Subsequently, the State charged Morinskey, under Cause 79C01-1510-F5-24 ("Cause F5-24"), with the following: Count I, Level 6 felony possession of methamphetamine; Count II, Class C misdemeanor possession of paraphernalia; Count III, Class A misdemeanor false informing; and Count IV, Level 5 possession of methamphetamine (while having a prior dealing in methamphetamine conviction).

On October 29, 2015, the State filed, in Cause FA-2, a petition to revoke Morinskey's probation. On November 10, 2015, the trial court held an initial hearing on the probation revocation petition.

On December 29, 2015, Morinskey entered into a plea agreement that addressed Cause F5-24 and Cause FA-2. In regard to F5-24, Morinskey agreed to plead guilty to Count III, Class A misdemeanor false informing, and Count IV, Level 5 possession of methamphetamine, in exchange for the dismissal of the remaining two charges. As for Cause FA-2, Morinskey agreed to admit to the allegation contained in the State's Motion to Commit in exchange for the State's dismissal of the petition to revoke her probation in its entirety. Additionally, she agreed that sentencing would be open to the trial court's discretion.

On February 19, 2016, the trial court held a combined hearing to address sentencing in Cause F5-24 and the Motion to Commit and probation revocation petition in Cause FA-2. . . . For Cause F5-24, the trial court imposed a four (4) year sentence for her Level 5 felony possession of methamphetamine conviction and a 224 day sentence for her Class A misdemeanor false informing conviction. The trial court ordered these two counts to be served consecutively to each other and to the executed term in Cause FA-2. . . .

*Morinskey v. State*, No. 79A04-1604-CR-981, 2017 WL 218149, at *1-2 (Ind. Ct. App. January 19, 2017). This belated appeal ensued.

## Discussion and Decision

### Issue One: Abuse of Discretion in Sentencing

Morinskey first contends that the trial court abused its discretion when it sentenced her. Generally, sentencing decisions are left to the sound discretion of the trial court, and we review its decision only for an abuse of that discretion.

*Singh v. State*, 40 N.E.3d 981, 987 (Ind. Ct. App. 2015), *trans. denied*. "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the trial court." *Id.*

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. Under those circumstances, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record.

*Anglemyer v. State*, 868 N.E.2d 482, 490-91 (Ind. 2007) ("*Anglemyer I*") (internal quotation marks and citations omitted), *clarified on reh'g*, 875 N.E.2d 218 ("*Anglemyer II*").

[5] In its sentencing statement, the trial court identified as aggravating factors: Morinskey's criminal history; her recent violations of both community corrections and probation; and her attempt to "avoid detection" by police. Appellant's App. Vol. 2 at 18. The court identified as mitigating factors: Morinskey's guilty plea and acceptance of responsibility for the offenses; her mental illness; her remorse; and her difficult childhood. The trial court found that the aggravators outweighed the mitigators and imposed an aggregate four-year sentence.

[6]     Morinskey contends that the trial court abused its discretion when it "failed to consider the hardship Morinskey's incarceration would have on her children." Appellant's Br. at 13. An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer I*, 868 N.E.2d at 493. Further, "'[i]f the trial court does not find the existence of a mitigating factor after it has been argued by counsel, the trial court is not obligated to explain why it has found that the factor does not exist.'" *Id.* (quoting *Fugate v. State*, 608 N.E.2d 1370, 1374 (Ind. 1993)).

[7]     As our Supreme Court has observed, "[m]any persons convicted of serious crimes have one or more children and, absent special circumstances, trial courts are not required to find that imprisonment will result in an undue hardship." *Dowdell v. State*, 720 N.E.2d 1146, 1154 (Ind. 1999). On appeal, Morinskey does not direct us to evidence of special circumstances in her case to support her contention. To the contrary, Morinskey points out that she "did not have custody of her children at the time of sentencing[.]" Appellant's Br. at 13-14. Morinskey states only that she "maintained regular contact and visitation with her children" and that she was not a "'bad' role model for her children." *Id.* at 14. Morinskey has not shown that the trial court abused its discretion when it declined to find as a mitigating factor that her incarceration would be a hardship on her children.

[8]     Morinskey also contends that the trial court abused its discretion when it "improperly considered [her] act of lying to police about her identity" as an

aggravating factor when it cited her attempt to avoid detection by police. Appellant's Br. at 12. Morinskey maintains that, because her attempt to avoid detection by police was an element of the offense of false reporting, the trial court improperly considered that aggravator. In support of that contention, Morinskey cites to *Gomillia v. State*, 13 N.E.3d 846, 852 (Ind. 2014), where our Supreme Court held that, "[w]here a trial court's reason for imposing a sentence greater than the advisory sentence includes material elements of the offense, absent something unique about the circumstances that would justify deviating from the advisory sentence, that reason is 'improper as a matter of law.'" (Quoting *Anglemyer I*, 868 N.E.2d at 491).

[9] However, even if the trial court's consideration of Morinskey's attempt to avoid detection were improper, "'when a trial court improperly applies an aggravator but other valid aggravating circumstances exist, a sentence enhancement may still be upheld.'" *Baumholser v. State*, 62 N.E.3d 411, 417 (Ind. Ct. App. 2016) (quoting *Hackett v. State*, 716 N.E.2d 1273, 1278 (Ind. 1999) (internal citations omitted)). Morinskey does not challenge the other aggravators identified by the trial court in support of her four-year sentence, which is only one year more than the advisory sentence for a Level 5 felony. Ind. Code § 35-50-2-6(b) (2017). Again, the trial court also identified as aggravating: Morinskey's criminal history, which includes two felony convictions, one of which is for dealing in methamphetamine, as a Class B felony, and six misdemeanor convictions; and her violations of community corrections and probation. Indeed, Morinskey was on probation and had a warrant out for her arrest when

she committed the instant offenses. We are confident that, had the trial court considered only those proper aggravators, it would have sentenced Morinskey to four years executed. *See Anglemyer I*, 868 N.E.2d at 491 (holding remand for resentencing appropriate if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record). Accordingly, the trial court did not abuse its discretion when it sentenced Morinskey.

### *Issue Two: Appellate Rule 7(B)*

[10] Morinskey also contends that her sentence is inappropriate in light of the nature of the offenses and her character. As we have explained:

> Indiana Appellate Rule 7(B) permits an Indiana appellate court to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We assess the trial court's recognition or nonrecognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). The principal role of appellate review is to "leaven the outliers." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). A defendant must persuade the appellate court that his or her sentence has met the inappropriateness standard of review. *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007).

*Robinson v. State*, 61 N.E.3d 1226, 1228 (Ind. Ct. App. 2016).

[11] Morinskey maintains that "the facts and circumstances set forth in this case are mild compared to the fact patterns set forth in many methamphetamine or false

informing offense cases." Appellant's Br. at 16. She states that "[t]here were no victims." *Id.* And she asserts that her failure to give officers her true name did not "significantly impact[]" their investigation into the offenses. *Id.* But the State characterizes Morinskey's offenses as "notably egregious in the magnitude of resistance and disregard for authority." Appellee's Br. at 21. We do not agree with either Morinskey's or the State's description of the nature of the offenses. Rather, we simply note that Morinskey never *voluntarily* revealed her identity to police officers. Morinskey only admitted to her identity after an investigating officer discovered her name by searching a database and finding a photograph and description of her unique tattoos. We cannot say that Morinskey's four-year sentence is inappropriate in light of the nature of the offenses.

[12] Morinskey also maintains that her sentence is inappropriate in light of her character. In support, Morinskey merely states that her "criminal actions are directly related to her addictions to controlled substances" and she would like to seek substance abuse counseling. Appellant's Br. at 14. But Morinskey's substance abuse has spanned several years, and she failed to comply with community corrections following her 2012 conviction for Class B felony dealing in methamphetamine. Not only is Morinskey's criminal history significant, but this is her second felony conviction related to methamphetamine. And, again, she was on probation and had a warrant out for her arrest at the time of the instant offenses. We cannot say that Morinskey's sentence is inappropriate in light of her character.

[13]     Affirmed.

Kirsch, J., and Brown, J., concur.