## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 29 2018, 9:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kristin A. Mulholland
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Richard Devon Smith,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

January 29, 2018

Court of Appeals Case No.
45A03-1709-CR-2016

Appeal from the Lake Superior Court

The Honorable Samuel L. Cappas, Judge

Trial Court Cause No.
45G04-1601-F3-2
45G04-1608-F6-179

**May, Judge.**

[1] Richard Devon Smith appeals as inappropriate the sentences imposed following his convictions of Level 3 felony armed robbery[1] and Level 6 felony battery.[2] Finding nothing inappropriate about the ten and a half years he was ordered to serve for those two crimes,[3] we affirm.

# Facts and Procedural History

[2] On the evening of January 11, 2016, Smith entered a liquor store, pointed a handgun at the store clerk, and demanded all the money from the cash register. The clerk filled a plastic bag with the money from the register. Smith then demanded the clerk put her cell phone in the bag. The clerk complied. Smith took the bag and backed out of the liquor store while continuing to point his handgun at the clerk. Police arrested Smith, and the State charged him with Level 3 felony armed robbery under cause number 45G04-1601-F3-002.

[3] While in Lake County Jail awaiting trial on that charge, Smith punched Correction Officer Y. Darwish in the face. Officer Darwish and another officer attempted to restrain Smith, but Smith threw a blanket over Officer Darwish's head and again punched him in the face. The video of the incident revealed no

---

[1] Ind. Code § 35-42-5-1(1).

[2] Ind. Code § 35-42-2-1(e)(2).

[3] During the sentencing hearing, the trial court twice found Smith in contempt of court for using foul language and interrupting the court. Smith does not challenge his contempt sentences, which were ordered served consecutive to the sentences for robbery and battery. As Smith does not challenge the contempt findings or sentences, we restrict our discussion to the facts relevant to the other two sentences.

provocation by Officer Darwish for Smith's attack, and during the altercation, Smith was yelling threats against numerous officers. For these actions, under cause number 45G04-1608-F6-179, the State charged Smith with two counts of Level 6 felony battery and two counts of Level 6 felony intimidation.[4]

[4] During 2016, the State also filed two other unrelated causes of action against Smith. Under cause number 45G04-1602-F3-005, the State charged Smith with Level 3 felony armed robbery and Level 3 felony criminal confinement.[5] Under cause number 45G04-1610-F6-219, the State charged Smith with two counts of Level 6 felony intimidation and one count of Class A misdemeanor resisting law enforcement.[6]

[5] In June 2017, Smith and the State reached an agreement by which all four of his pending causes of action would be disposed. Smith agreed to plead guilty to armed robbery of the liquor store and battery of Officer Darwish. The State agreed to dismiss all remaining pending charges, which included seven felonies and one misdemeanor. The agreement provided the sentences for the two convictions would be served consecutively, but it capped the possible sentence for Level 3 felony armed robbery at nine years and for Level 6 felony battery at eighteen months.

---

[4] Ind. Code § 35-45-2-1(a)(2)(B)(i).

[5] Ind. Code § 35-42-3-3.

[6] Ind. Code § 35-44.1-3-1.

The court held a sentencing hearing and then ordered Smith to serve nine years for armed robbery consecutive to eighteen months for battery. In the process of reaching its decision, the court made the following findings:

**Aggravating Circumstances:**

1.    The defendant has had six (6) juvenile contacts with the criminal justice system, resulting in five (5) juvenile adjudications;

2.    The defendant has had eight (8) adult contacts with the criminal justice system, resulting in two (2) felony convictions and one (1) misdemeanor conviction;

3.    These multiple contacts with the criminal justice system demonstrate that the defendant is unable to conform his behavior to the norms of society;

4.    The defendant is in need of rehabilitation that can only be provided by a penal facility, the reasons for which are stated in Number 3 above.

**Mitigating Circumstances:**

1.    The defendant is twenty-three (23) years of age;

2.    The defendant admitted his guilt by way of a plea agreement, thus saving the Court and the tax payers of this county the time and expense of a trial.

The Court finds that the aggravating factors outweigh the mitigating factors.

(App. Vol. 2 at 26-7.)

# Discussion and Decision

[7] Smith asserts his sentence is inappropriate. We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)). We consider the aggravators and mitigators found by the trial court and also any other factors appearing in the record. *Baumholser v. State*, 62 N.E.3d 411, 417 (Ind. Ct. App. 2016), *trans. denied*. The appellant must demonstrate his sentence is inappropriate. *Id*. at 418.

[8] When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 878 N.E.2d 218 (Ind. 2007). The sentencing range for a Level 3 felony is "a fixed term of between three (3) and sixteen (16) years, with the advisory sentence being nine (9) years." Ind. Code § 35-50-2-5. The sentencing range for a Level 6 felony is "a fixed term of between six (6) months and two and one-half (2 ½) years, with the advisory sentence being one (1) year." Ind. Code § 35-50-2-7(b).

[9] The court sentenced Smith to nine years for armed robbery, which was the cap provided by the plea agreement but is also the advisory sentence for a Level 3 felony. Smith's sentence for battery of a law enforcement officer is eighteen months, which was the cap provided by the plea agreement and is less than

mid-way between the advisory and maximum sentences for Level 6 felony battery. Those sentences do not seem inappropriate in light of the crimes Smith committed. When robbing the liquor store clerk, Smith did not just display his gun, he kept it pointed at her the entire time, and the experience caused the clerk to have nightmares and difficulty going to work. The record suggests Smith's battery of Officer Darwish was unprovoked and Smith continued beating Officer Darwish despite other officers' attempts to intervene.

[10] When considering the character of the offender, one relevant fact is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of a criminal history in assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id*. When sentencing Smith, the trial court noted his juvenile and adult history of criminal behavior.

[11] Smith's first involvement with the juvenile justice system occurred when Smith was thirteen. His first adjudication as a delinquent came at age fourteen, when he was disorderly and battered a police officer. Before being released from the disposition for that adjudication, Smith was adjudicated a delinquent for committing criminal recklessness and criminal mischief. For those acts he served time in the Lake County Juvenile Center and the Illinois Department of Correction. He also spent time in the Lake County Juvenile Center for false informing. As an adult, in addition to the four causes of action that were disposed by the plea agreement herein, Smith has convictions of resisting law

enforcement in Lake County and battering a law enforcement officer with bodily waste in Madison County.

[12] Despite having served a number of sentences for battering a law enforcement officer, Smith was convicted herein of once again battering a correctional officer. This repetition of behavior suggests Smith's behavior is not being modified by prior shorter terms of incarceration. Accordingly, we cannot find inappropriate the slightly-above-advisory consecutive sentence he received herein. *See, e.g., Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007) (advisory sentence not inappropriate when defendant's criminal history contains multiple convictions for similar offenses).

# Conclusion

[13] In light of Smith's character and the nature of his crimes, we see nothing inappropriate about a ten-and-a-half-year sentence for the convictions herein. We accordingly affirm.

[14] Affirmed.

Vaidik, C.J., and Altice, J., concur.