## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 22 2018, 8:34 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sean C. Mullins
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Harvey Stephens,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

February 22, 2018

Court of Appeals Case No.
45A03-1709-CR-2227

Appeal from the Lake Superior Court

The Honorable Samuel L. Cappas, Judge

Trial Court Cause No.
45G04-0104-DF-90

**May, Judge.**

[1] Harvey Stephens appeals his six-year sentence for Class D felony theft[1] and Class D felony attempted theft.[2] He argues his sentence is inappropriate. We affirm.

## Facts and Procedural History

[2] On April 2, 2001, Stephens and two accomplices went to Wal-Mart, and "using IBM keys,"[3] (App. Vol. II at 37), opened a cash register and stole the money. They attempted to repeat their actions at Target but were thwarted and ran away. Police apprehended Stephens and arrested him.

[3] On April 4, 2001, the State charged Stephens with Class D felony theft and Class D felony attempted theft. On January 17, 2002, Stephens pled guilty pursuant to a plea agreement. The plea agreement stipulated Stephens would not receive misdemeanor treatment and the State would refrain from filing a habitual offender enhancement. On February 27, 2002, because Stephens had been incarcerated in Ohio, he was sentenced *in absentia*. The trial court sentenced Stephens to three years on each charge and ordered the sentences served consecutively.

---

[1] Ind. Code § 35-43-4-2 (1985).

[2] Ind. Code § 35-43-4-2 (1985); Ind. Code § 35-41-5-1 (1977).

[3] No explanation is given in the record to clarify the meaning of this term.

[4]     On September 27, 2016, Stephens was extradited from Ohio. On October 21, 2016, Stephens was advised of his sentence and his attendant appellate rights. Stephens filed a Petition for Permission to file Belated Notice of Appeal. The trial court granted his petition, and we reviewed his sentence. We reversed and remanded his case for resentencing because fundamental error occurred when the trial court relied on an unverified criminal history report without giving Stephens the opportunity to dispute it. *See Stephens v. State*, 45A04-1612-CR-2927, memorandum op. at *3 (Ind. Ct. App. 2017).

[5]     On resentencing, the trial court found the following aggravating circumstances:

> 1. At the time of the commission of these offenses, the defendant had approximately thirty-three (33) felony convictions and one (1) misdemeanor conviction;
>
> 2. The defendant's criminal history demonstrates that the defendant has never learned from being incarcerated not to commit criminal offenses;
>
> 3. The Court finds that a mitigated sentence would depreciate the seriousness of defendant's crimes, as they are viewed in a pattern of criminal history;
>
> 4. The defendant's pattern of criminal activity demonstrates that the defendant is unable to conform his behavior to the norms and rules of society;
>
> 5. The defendant is in need of correctional and rehabilitative treatment that can only be provided by a penal facility;

6. Previous attempts at incarceration have failed to sway the defendant's conduct;

7. The Court notes that this is the longest criminal history of a defendant that it has ever seen.

(App. Vol. II at 129-130.) The court found a mitigator in Stephens' guilty plea, but the court still found the aggravating factors outweighed the mitigating factor. The trial court, noting the disparity between the aggravators and the mitigator and the fact two victims were harmed, sentenced Stephens to three years on each count, to be served consecutively.

# Discussion and Decision

[6] Stephens asserts his sentence is inappropriate. Specifically, he argues that because he had not had any convictions for ten years prior to the current one and because no person or property was harmed during the current offenses, his convictions did not warrant the maximum sentence.[4]

---

[4] Stephens also asserts he is not required to prove both prongs of Indiana Appellate Rule 7(B), *i.e.*, the nature of the offense *and* the character of the offender. Although some panels of this court have so held, others have declined to do so. *Compare Connor v. State*, 58 N.E.3d 215, 219 (Ind. Ct. App. 2016) (holding the appellate review under App. R. 7(B) requires the reviewing court to "*consider* both of those prongs in [its] assessment, [but there is no] requirement that the defendant must *prove* each of those prongs [to] render his sentence inappropriate" (emphasis in original, footnote omitted)), *with Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (noting revision of sentence under App. R. 7(B) requires appellant "demonstrate that his sentence is inappropriate in light of *both* the nature of his offenses and his character" (emphasis in original)), *and also with Baumholser v. State*, 62 N.E.3d 411, 418 (Ind. Ct. App. 2016) (although Baumholser's character, beyond the appealed offenses, was not "deplorable," Baumholser was required to "demonstrate the sentence [was] inappropriate in light of *both* the nature of the offense and his character" (emphasis in original)), *trans. denied*.

[7] Under Ind. Appellate Rule 7(B), we may revise a sentence if, after due consideration of the trial court's decision, we find the sentence inappropriate in light of the nature of the offense and the character of the offender. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (2007). We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Johnson v. State*, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013). We defer to the trial court's decision, and our goal is to determine whether the defendant's sentence is inappropriate, not whether some other sentence would be more appropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012), *reh'g denied*. Stephens, as the appellant, bears the burden of demonstrating his sentence is inappropriate. *See Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[8] When considering the nature of the offense, the advisory sentence is the starting point for determining the appropriateness of a sentence. *Anglemyer*, 868 N.E.2d at 494. The sentencing range for a Class D felony in 2001 was "a fixed term of

---

Furthermore, in *Connor*, while the court did not require the appellant to prove both prongs, it still applied a "holistic" test in which both prongs were considered together. *Connor*, 58 N.E.3d at 219.

Here, Stephens presents argument as to both the nature of his offense and his character, but he asserts he is not required to prove both prongs render his sentence inappropriate. As a matter of law, we disagree. *See Baumholser*, 62 N.E.3d at 418 ("to obtain relief, Baumholser must demonstrate the sentence is inappropriate in light of *both* the nature of the offense and his character") (emphasis in original). Stephens also argues that "even if this court were to agree with the State's contention that the maximum sentence is appropriate in light of [his] criminal history, the benign nature of the offenses still renders the maximum sentence inappropriate." (Appellant's Reply Br. at 7.) As a matter of fact, we disagree. When a defendant has 33 felony convictions and prior punishment has not discouraged his willingness to engage in illegal acts, we see nothing inappropriate about a maximum sentence for a "benign" crime. *See Ashba v. State*, 816 N.E.2d 862, 867 (Ind. Ct. App. 2004) (criminal history is a valid consideration when imposing maximum sentence even in the absence of egregious offenses).

one and one-half (1 ½) years, with not more than one and one-half (1 ½) years added for aggravating circumstances or not more than one (1) year subtracted for mitigating circumstances." Ind. Code § 35-50-2-7 (1990). The trial court sentenced Stephens to three years for each offense, to be served consecutively. Thus, Stephens received the maximum possible sentence for his offenses.

[9] While committing these offenses, Stephens and his accomplices entered Wal-Mart and took money from a register. They then attempted to repeat their actions at Target but were unsuccessful. No violence was committed, and the money from Wal-Mart was recovered. The crimes were perpetrated against two different victims, Wal-Mart and Target. We find nothing in nature of his offenses to make them more egregious than necessary to complete each offense.

[10] When considering the character of the offender, one relevant fact is the defendant's criminal history. *Johnson*, 986 N.E.2d at 857. The significance of criminal history varies based on the gravity, nature, and number of prior offenses in relation to the offense. *Id.* While Stephens argues we should give weight to the fact he had not committed any crimes for a decade prior to the offenses at issue here, his criminal history is still extensive. Additionally, during at least some of that decade, Stephens was in jail.[5] The trial court noted

---

[5] The parties disagree how much time Stephens spent in jail before the crimes at issue herein. While acknowledging it does not have his release dates, the State asserts the "total of the possible consecutive sentences [Stephens] received is greater than the time difference from when his first sentence was imposed and the date of the offenses here." (Appellee's Br. at 11.) Without giving any proof, Stephens counters that he "would have likely served at most four years, less any time served prior to sentencing" as a result of the

Stephens had "probably one of the worst criminal histories [the trial court had] seen." (Tr. at 20.) It stated Stephens "ha[d]n't learned from any of [his] previous incarcerations."[6] (*Id.*) Additionally, nearly all of Stephens' crimes are of the same type as perpetrated here, *i.e.*, robbery, theft, bad checks, forgery, etc. In light of Stephens' extensive criminal history and the types of crimes he continually repeated, we see nothing inappropriate about Stephens' six-year sentence. *See, e.g., Stokes v. State*, 947 N.E.2d 1033, 1039 (Ind. Ct. App. 2011) (affirming sentence as not inappropriate based on criminal history), *trans. denied*.

## Conclusion

Stephens' six-year sentence is not inappropriate. Accordingly, we affirm.

Affirmed.

Vaidik, C.J., and Altice, J., concur.

---

convictions that last occurred in 1991. (Appellant's Reply Br. at 5.) Without doubt, Stephens spent some part of that decade in jail, and we decline to give Stephens credit for a decade of crime-free living.

[6] We also note that although the trial court seemingly gave no weight to the fact Stephens has been convicted of six more felonies since the current offenses in 2001, these too give credence to the trial court's assertion Stephens is incapable of conforming his behavior to societal norms and has not learned from his prior incarcerations.