## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 17 2020, 10:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Peter D. Todd
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Luis H. Jaquez,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 17, 2020

Court of Appeals Case No.
19A-CR-1324

Appeal from the Elkhart Circuit Court

The Honorable Michael A. Christofeno, Judge

Trial Court Cause No.
20C01-1611-F2-23

**Bradford, Chief Judge.**

# Case Summary

[1] In August of 2016, a confidential informant purchased over 140 grams of methamphetamine from Luis H. Jaquez. Jaquez was subsequently charged with and convicted of two counts of Level 2 felony dealing in methamphetamine and one count of Level 5 felony corrupt business influence. The trial court sentenced him to an aggregate thirty-six-year sentence. Jaquez contends that the trial court abused its discretion in sentencing him. Because we conclude otherwise, we affirm.

# Facts and Procedural History

[2] In August 2016, local, state, and federal law enforcement officers worked with confidential informant CS6891 on drug interdiction cases. CS6891 completed numerous controlled buys, two of which involved Jaquez. On each occasion, law enforcement officers searched CS6891 both prior to and after the controlled buys, fitted him with a recording/transmitting device prior to the controlled buys, and provided him with necessary funds to complete the controlled buys. On two separate occasions, Jaquez agreed to sell CS6891 methamphetamine. During the first controlled buy, Jaquez sold CS6891 approximately twenty-eight grams of methamphetamine in exchange for $800. In the second, Jaquez sold CS6891 approximately 114 grams of methamphetamine in exchange for $3200.

[3] On November 8, 2016, Jaquez was charged with two counts of Level 2 felony dealing in methamphetamine and one count of Level 5 felony corrupt business

influence. Following trial, a jury found Jaquez guilty as charged. The trial court sentenced Jaquez to an aggregate thirty-six-year sentence.

# Discussion and Decision

[4] Jaquez contends that the trial court abused its discretion in sentencing him. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* (quotation omitted).

> We review for an abuse of discretion the court's finding of aggravators and mitigators to justify a sentence, but we cannot review the relative weight assigned to those factors. When reviewing the aggravating and mitigating circumstances identified by the trial court in its sentencing statement, we will remand only if the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record, and advanced for consideration, or the reasons given are improper as a matter of law.… A single aggravating circumstance may be sufficient to enhance a sentence. When a trial court improperly applies an aggravator but other valid aggravating circumstances exist, a sentence enhancement may still be upheld. The question we must decide is whether we are confident the trial court would have imposed the same sentence even if it had not found the improper aggravator.

*Baumholser v. State*, 62 N.E.3d 411, 416–17 (Ind. Ct. App. 2016) (internal citations and quotations omitted).

[5] In challenging his sentence, Jaquez contends that the trial court abused its discretion in finding that he has not accepted responsibility for his actions to be an aggravating factor. Jaquez argues that this factor indicates that "the court relied on Jaquez's assertion of his right to trial and his right to remain silent as a reason to give a man who had no prior criminal history the maximum possible sentence." Appellant's Br. p. 7. In support, Jaquez relies on our prior conclusion that "[t]o hold that the denial of guilt is an aggravating factor, in light of the right of a defendant to maintain his innocence through sentencing, and in the knowledge that the defendant is going to appeal upon the sufficiency of the evidence to sustain the conviction, would be unfair to the defendant." *Kien v. State*, 782 N.E.2d 398, 413 (Ind. Ct. App. 2003), *trans. denied*. We agree that the trial court abused its discretion in finding Jaquez's failure to take responsibility for his actions to be an aggravating factor. However, given the other aggravating factors relied on by the trial court, we cannot say that the trial court abused its discretion in sentencing Jaquez.

[6] Again, when a trial court improperly applies an aggravating factor but other valid aggravating factors exist, an enhanced sentence may be upheld if the reviewing court is confident the trial court would have imposed the same sentence if it did not consider the improper aggravator. *See Baumholser*, 62 N.E.3d at 417. We are confident that in this case the trial court would have imposed the same sentence even if it had not considered the challenged

aggravating factor. In addition to the challenged aggravating factor, the trial court also found the following to be significant aggravating factors: (1) Jaquez delivered an amount of methamphetamine which was much greater than the statutory amount required for the level of the felony charged; (2) he was a major drug dealer who moved a major amount of methamphetamine in Elkhart County; and (3) he subjected the community to a level of harm, injury, or danger much greater than the level considered by the legislature. The trial court explicitly stated that any one of these factors would support an enhanced sentence. The trial court's statement convinces us that the trial court would have imposed the same sentence had it not considered Jaquez's alleged failure to accept responsibility for his actions. We therefore conclude that the trial court did not abuse its discretion in sentencing Jaquez.

[7] The judgment of the trial court is affirmed.

Robb, J., and Altice, J., concur.