## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 25 2020, 8:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Laura A. Raiman
Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler Banks
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony Williams,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | November 25, 2020<br><br>Court of Appeals Case No.<br>20A-CR-985<br><br>Appeal from the Bartholomew Superior Court<br><br>The Honorable James D. Worton, Judge<br><br>Trial Court Cause Nos.<br>03D01-1812-CM-6827<br>03D01-1910-CM-6091<br>03D01-1903-CM-1792 |

**May, Judge.**

[1] Anthony Williams appeals as inappropriate the three-year aggregate sentence the trial court imposed for Williams' three convictions of Class A misdemeanor invasion of privacy.[1] We affirm.

# Facts and Procedural History

[2] In 2014, Williams pled guilty to Level 6 felony sexual battery[2] of V.L.S., which battery was compelled by force or imminent threat of force, and Level 6 felony criminal confinement[3] of V.L.S. under cause number 03C01-1407-F3-3139. The court sentenced Williams to a term of five years in prison and entered an order prohibiting Williams from having any contact with V.L.S. directly or through a third party. Before being removed from the courtroom, Williams violated the protective order by making a comment to V.L.S.'s father, and the court immediately imposed an additional ten-day sentence against Williams for that violation.

[3] On or about November 15, 2018, Williams contacted V.L.S., who still had the protective order against Williams. That contact prompted the State, on December 7, 2018, to charge Williams with Class A misdemeanor invasion of privacy under cause number 03D01-1812-CM-6827 (CM-6827). While CM-6827 was pending, on March 15, 2019, Williams called V.L.S. to apologize for

---

[1] Ind. Code § 35-46-1-15.1(a)(1).

[2] Ind. Code § 35-42-4-8(a)(1)(A).

[3] Ind. Code § 35-42-3-3(a).

his behavior and to say "he wouldn't be on this earth much longer." (App. Vol. II at 33.) That phone call led the State, on March 29, 2019, to charge Williams with a second count of Class A misdemeanor invasion of privacy under cause number 03D01-1903-CM-1792 (CM-1792). The State also petitioned to revoke Williams' pre-trial release in CM-6827.

[4] On October 24, 2019, the State charged Williams with a third count of Class A misdemeanor invasion of privacy under cause number 03D01-1910-CM-6091 (CM-6091). This charge alleged Williams had called V.L.S. on June 24, 2018, at 1:30 a.m., and left a voicemail in which he asserted he was not stalking V.L.S. and he and his son just wanted to know that V.L.S. was okay.

[5] Williams and the State entered into an agreement for Williams to plead guilty to all three charges in exchange for the State foregoing filing new charges under a separate cause number. The trial court accepted that plea agreement. Following a sentencing hearing, the trial court imposed three consecutive one-year sentences, with two years executed and one year suspended.

## Discussion and Decision

[6] Williams asserts his sentence is inappropriate. We may revise a sentence if it "is inappropriate in light of the nature of the offense and the character of the offender." *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)). We consider the aggravators and mitigators found by the trial court and also any other factors appearing in the record. *Baumholser*

*v. State*, 62 N.E.3d 411, 417 (Ind. Ct. App. 2016), *trans. denied*. The appellant must demonstrate his sentence is inappropriate. *Id*. at 418.

[7]     When considering the nature of the offense, the advisory sentence is the starting point for determining the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 878 N.E.2d 218 (Ind. 2007). Williams pled guilty to three counts of Class A misdemeanor invasion of privacy. A person convicted of a Class A misdemeanor may be imprisoned for "a fixed term of not more than one (1) year." Ind. Code § 35-50-3-2 (1977). The trial court ordered all three of Williams' sentences to be served consecutively, with two years executed and one year suspended.

[8]     Williams asserts he "called V.L.S. with innocuous messages seeking assurance of her well being and to express remorse. [He] did not injure and did not intend to injure any person by his conduct." (Appellant's Br. at 8.) However, as the State notes, Williams previously had been convicted of sexual battery and criminal confinement of V.L.S., and his violation of the protective order resulted in him "re-victimizing [V.L.S.] again and again." (Br. of Appellee at 9.) If contact between Williams and V.L.S. would have been "innocuous" then the protective order would not have needed to be entered in the first place. Furthermore, Williams contacted V.L.S. at least once while his charge for violating the protective order in CM-6827 was pending. We consider Williams' offenses particularly egregious because their repeated nature demonstrates a troubling disregard for V.L.M.'s wishes and the court's authority. Williams has

not convinced us that three consecutive one-year sentences are inappropriate for his violating the protective order on three separate occasions.

[9] When considering the character of the offender, one relevant fact is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of a criminal history in assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id.* In 1990, Williams was convicted of illegal consumption. In 1993, Williams pled guilty to disorderly conduct in exchange for the dismissal of one count of Class D felony criminal recklessness with a deadly weapon. In 1994, Williams committed Class D felony residential entry at the home of his ex-girlfriend's parents, and in 1995, Williams committed three counts of Class B misdemeanor criminal mischief by damaging property in the apartment of that same ex-girlfriend. In 1999, Williams was convicted of operating a vehicle while intoxicated, driving while suspended, and providing false registration. In 2013, Williams pled guilty to Class A misdemeanor operating a vehicle with a blood alcohol content of .15 or more. In 2014, Williams pled guilty to Level 6 felony sexual battery of V.L.S., which battery was compelled by force or imminent threat of force, and Level 6 felony criminal confinement of V.L.S. Williams testified at the sentencing hearing that he had violated probation or parole on three prior occasions. In light of the fact that Williams' criminal history is lengthy and contains convictions of crimes against the same victim, we cannot say his three-year sentence for three convictions of Class A misdemeanor invasion of privacy is inappropriate. *See, e.g., Carroll v.*

*State*, 922 N.E.2d 755, 758 (Ind. Ct. App. 2010) (two consecutive one-year sentences for two Class A misdemeanor crimes are not inappropriate, even though defendant had no criminal history), *trans. denied*.

# Conclusion

[10] Because Williams' three-year sentence is not inappropriate in light of the nature of the offense and his character, we affirm.

[11] Affirmed.

Riley, J., and Altice, J., concur.